**STATE of Missouri, Appellant,**

v.

**Brent Todd GRISHAM, Respondent.**

No. 20357.

Missouri Court of Appeals,
Southern District,
Division Two.

March 19, 1996.

Steven H. Kaderly, Barton Co. Prosecuting Attorney, Lamar, for appellant.

Ronald W. Conway, Reynolds & Conway, P.C., Springfield, for respondent.

PREWITT, Presiding Judge.

On February 26, 1995, Respondent was arrested in Barton County, Missouri, for driving while intoxicated. Section 577.010, RSMo 1994. His breathalyzer test revealed an alcohol concentration of more than ten-hundredths of one percent. Pursuant to § 302.505.1, RSMo 1994, Respondent's operator's license was administratively suspended. Respondent was also charged with driving while intoxicated.

Respondent moved to dismiss the charge, alleging that the earlier administrative suspension of his driving privileges constituted punishment for the same conduct giving rise to the charge and, therefore, he was faced with double jeopardy. The trial court dis-

missed the charge, finding that the suspension of Respondent's driving privileges was not "solely remedial" and therefore constituted punishment within the meaning of the Double Jeopardy Clause. Pursuant to § 547.200.2, RSMo 1994, the State appeals [1].

The dispositive issue on appeal is whether the suspension of Respondent's driving privileges constituted punishment under the Double Jeopardy Clause so as to preclude a later prosecution where both proceedings are based on the same conduct. Under almost identical facts, the Missouri Supreme Court in *State v. Mayo,* 915 S.W.2d 758 (Mo. banc 1996), determined that the Double Jeopardy Clause does not bar a driving-while-intoxicated prosecution after a revocation or suspension under § 302.500, et seq. We are constitutionally bound to follow the controlling decisions of the Missouri Supreme Court. *State v. Isom,* 906 S.W.2d 870, 875 (Mo.App.1995); Article V, Section 2 of the Missouri Constitution (1945).

Based on *Mayo,* we reverse the judgment of dismissal. The case is remanded for further proceedings.

CROW and PARRISH, JJ., concur.

**1.** Respondent asserts in his "Jurisdictional Statement," that the State's appeal is not timely. On the authority of *State v. Brown,* 722 S.W.2d 613, 616–18 (Mo.App.1986), we determine that the State timely appealed.