**Kyra J. MASON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 20723.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 5, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Louis J. Nolan, Springfield, for respondent.

SHRUM, Judge.

In May, 1995, Kyra J. Mason (Mason) was arrested for driving while intoxicated in violation of § 577.010.[1] Her driver's license was taken upon arrest. Mason requested an administrative hearing to determine if she had been arrested upon probable cause to believe she was intoxicated. Following the hearing, the Director of Revenue (Director) suspended Mason's driver's license for 30 days, followed by 60 days of limited driving privileges. Mason appealed the administrative decision and filed a petition in the circuit court of Barton County. The trial judge found that Mason had been convicted "on July 25, 1995, of operating a motor vehicle with a blood alcohol content of .10 or greater" as defined in § 577.012. He then concluded that Director's suspension of Mason's driver's license constituted a violation of the Double Jeopardy Clause of the 5th Amendment to the Constitution of the United States, and thus ordered Director to rein-

---

1. All statutory references are to Missouri Revised Statutes 1994 unless otherwise stated.

state Mason's driving privileges and remove any record of revocation or suspension from her driving record as a result of her DWI arrest. Director appeals.

The only issue on appeal is whether the suspension of the respondent's driving privileges constituted a violation of the Double Jeopardy Clause when she was criminally convicted of driving while intoxicated, arising out of the same incident. This court finds it did not.

In a case with strikingly similar facts, the Missouri Supreme Court has held that criminal prosecution and suspension of driving privileges arising out of the same action do not constitute a violation of the Double Jeopardy Clause of the 5th Amendment. *State v. Mayo*, 915 S.W.2d 758, 762–763 (Mo. banc 1996). The purpose of suspending the license of an individual convicted of DWI is not to impose additional sanctions on the convicted; rather these measures are to ensure the safety of others on Missouri roadways. *State v. Mayo*, 915 S.W.2d at 762. *See State v. Grisham*, 918 S.W.2d 926 (Mo. App.1996); *State v. Champlin*, 919 S.W.2d 24 (Mo.App.1996) relying on *State v. Mayo*.

The order reinstating Mason's driver's license is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

MONTGOMERY, C.J., and PARRISH, J., concur.