**Victor W. VUKONICH, Jr., Respondent,**

v.

**DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.**

No. 20681.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 13, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

MONTGOMERY, Chief Judge.

Respondent was arrested in Branson, Missouri, on April 15, 1995, for driving while intoxicated. His breathalyzer test revealed

an alcohol concentration of more than ten-hundredths of one percent. Respondent's operator's license was administratively suspended pursuant to § 302.505.1, RSMo 1994. Respondent was charged with the Branson municipal ordinance violation of driving while intoxicated, and he subsequently entered a plea of guilty. His guilty plea took place prior to his suspension.

After an administrative hearing the suspension of Respondent's driving privileges was sustained. Respondent timely filed a Petition for Trial De Novo in the Taney County Circuit Court. His case was submitted on stipulated facts. Respondent claimed the administrative suspension constituted "double jeopardy" after his conviction for driving while intoxicated, which arose from the same set of facts that formed the basis for his suspension. The trial court agreed. The State appeals.

The only issue on appeal is whether the suspension of Respondent's driving privileges constituted a violation of the Double Jeopardy Clause after he was convicted of driving while intoxicated arising out of the same incident. We determine that the trial court erroneously applied the law.

The Missouri Supreme Court recently held that criminal prosecution and suspension of driving privileges arising out of the same action do not constitute a violation of the Double Jeopardy Clause of the Fifth Amendment. *State v. Mayo,* 915 S.W.2d 758, 762–63 (Mo. banc 1996). The purpose behind suspending the driving privileges of a person convicted of driving while intoxicated is not to impose additional sanctions on that person. It is done to ensure the safety of others on Missouri highways. *Id.* at 762. For that reason, there is no violation of the Double Jeopardy Clause. *See State v. Grisham,* 918 S.W.2d 926 (Mo.App.1996); *State v. Champlin,* 919 S.W.2d 24 (Mo.App.1996).

The order reinstating Respondent's driving privileges is reversed, and the case is remanded for entry of a judgment denying relief to Respondent.

CROW, P.J., and PARRISH, J., concur.