**STATE of Missouri, Plaintiff–Appellant,**

**v.**

**Donald W. HERRING, Jr., Defendant–Respondent.**

**No. 19351.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1994.

Application to Transfer Denied
Dec. 20, 1994.

---

1. Plaintiff's motion for damages for frivolous appeal, Rule 84.19, is denied.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Pete Carter, Rolla, for defendant-respondent.

PREWITT, Judge.

Defendant is a juvenile who following a hearing was prosecuted under the general law as if he were an adult. At the hearing in Howell County to determine whether he should be prosecuted under the general law, the prosecuting attorney of Oregon County was appointed as his guardian ad litem. The prosecuting attorney represented him at the hearing, following which the court determined that he could be tried under the general law.

A change of venue was taken and the cause transferred to the Circuit Court of Pulaski County. Defendant then filed a motion questioning the procedure under which it was determined to prosecute defendant under the general law. Pursuant to the motion, the Circuit Court of Pulaski County entered an order "that the simultaneous exercise of the Office of Prosecuting Attorney and guardian ad litem for the defendant at the Juvenile hearing, herein, to certify the defendant as an adult was repugnant to the intent and purpose of the Juvenile Law and to due process. Therefore, this case is remanded to the juvenile court for a new hearing pursuant to RSMO. 211.071."

After the state appealed from that order, this court requested written suggestions demonstrating that the state had a right to appeal. Even if not raised by the parties, this court is obligated to notice matters, such as whether there is an appealable order, which would prevent this court from obtaining jurisdiction. *Matter of S.B.A.*, 850 S.W.2d 356, 357 (Mo.App.1993).

The state filed suggestions contending that it had a right to appeal under the portion of § 547.200.2, RSMo 1986, which states:

"2. The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." [1]

The state does not contend that they have a right of appeal under any part of § 547.200, RSMo 1986, except for the language allowing an appeal "in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy". The state cites no other authority for its right of appeal except "State v. Coor, 743 S.W.2d 53, 53 (Mo.App., S.D.1987)." The state apparently meant to refer to State v. Coor, 740 S.W.2d 350 (Mo.App.1987).

Section 547.200.1 provides for an appeal where the "substantive effect" results in quashing an arrest warrant, suppressing evidence, or suppressing a confession or admission. Section 547.200.3 provides that in such cases the appeal "shall be an interlocutory appeal".

Court Rule 30.02 provides for "interlocutory appeal by state". It contains provisions for an appeal if "the state is permitted by law to appeal an order or judgment that is not a final judgment". This rule was apparently enacted in response to § 547.200.1 and .5. Subsection 5 provides for the supreme court to "issue appropriate rules to facilitate the disposition of such appeals".

■ This is an appeal from an interlocutory order, but not one authorized under § 547.200.1. An "interlocutory" order is one which decides some matter but is not a final decision of the whole controversy. BLACK'S LAW DICTIONARY 815 (6th ed. 1990). See also Boden v. Johnson, 224 Mo.App. 211, 23 S.W.2d 186, 189 (1930).

■ We conclude that the purpose of § 547.200.2 was to allow the state to appeal where the matter is finally determined adverse to the state but double jeopardy would not result. "Prior to the enactment of § 547.200.2, the State could not appeal from a dismissal of an insufficient indictment when the dismissal was based upon matters extraneous to the indictment." State v. Reed, 770 S.W.2d 517, 520 n. 5 (Mo.App.1989).

This result is consistent with Reed and the discussion of § 547.200.2 in Coor, 740 S.W.2d at 352–354. See also State v. Abbott, 654 S.W.2d 260, 273 (Mo.App.1983) (no appeal lies from an order of a juvenile court relinquishing jurisdiction over a child so that he can be prosecuted under the general law).

■ To allow an interlocutory appeal under § 547.200.2 of every order of the trial court could unnecessarily delay many matters, and surely was not intended. In construing statutes courts presume the legislature intended a reasonable result. State ex rel. Scott v. Goeke, 864 S.W.2d 411, 414 (Mo.App.1993); Southwestern Bell v. Mo. Com'n on Human Rights, 863 S.W.2d 682, 686 (Mo.App.1993). We construe § 547.200.2 as to only allow appeals where the effect of the court's order is to dispose of the entire controversy, which is not the situation present here.

The appeal is dismissed.

CROW and PARRISH, JJ., concur.

1. Section 547.210, RSMo 1986 states:

547.210. Indictment or information insufficient, defendant held—state may appeal.—When any indictment or information is adjudged insufficient upon demurrer or exception, or where judgment thereon is arrested or set aside, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney that there is reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment or information, or if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal.