**STATE of Missouri, Appellant,**

v.

**Thomas O. CHAMPLIN, Respondent.**

**No. 20356.**

Missouri Court of Appeals,
Southern District,
Division One.

March 20, 1996.

Steven H. Kaderly, Barton County Prosecuting Attorney, Lamar, for appellant.

James V. Nichols of Nichols & Nichols, Lamar, for respondent.

MONTGOMERY, Presiding Judge.

On May 8, 1995, Respondent was arrested in Barton County, Missouri, on the charge of driving while intoxicated (DWI), § 577.010.[1] His breathalyzer test revealed an alcohol concentration of more than ten-hundredths of one percent. Pursuant to § 302.505.1 Respondent's operator's license was administratively suspended. On May 11, 1995, Respondent was charged with DWI.

Respondent moved to dismiss the DWI charge alleging that the earlier administrative suspension of his driving privileges constituted punishment for the same conduct giving rise to the DWI charge and, therefore, he was faced with double jeopardy. On July 11, 1995, the trial court dismissed the case, finding that the suspension of Respondent's driving privileges was not "solely remedial" and therefore constituted punishment within the meaning of the Double Jeopardy Clause. Pursuant to § 547.200.2 the State appeals.[2]

The dispositive issue on appeal is whether the suspension of Respondent's driving privileges constituted punishment under the Double Jeopardy Clause so as to preclude a later DWI prosecution where, admittedly, both proceedings are based on the same conduct. Under almost identical facts to this case, the Missouri Supreme Court in *State v. Mayo*, 915 S.W.2d 758 (Mo.banc 1996), determined that the Double Jeopardy Clause does not bar a DWI prosecution subsequent to a revocation or suspension under § 302.500, *et seq.*

Based on the well-reasoned result in *Mayo*, we reverse the judgment entered July 11, 1995, and remand the case for proceedings not inconsistent with this opinion.

GARRISON and BARNEY, JJ., concur.

1. Statutory references are to RSMo 1994.

2. The State's Notice of Appeal was filed on July 24, 1995. Respondent asserts in his "Jurisdictional Statement," without citation of authority, that the State's appeal is not timely. On the authority of *State v. Brown*, 722 S.W.2d 613, 616–18 (Mo.App.1986), we determine that the State timely appealed.