**STATE of Missouri, Plaintiff/Appellant,**

**v.**

**Terry BIBB, Defendant/Respondent.**

**Nos. 69324, 69367.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 26, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

Virginia H. Wasiuk, Asst. Cir. Atty., St. Louis, for appellant.

Deborah B. Wafer, Dist. Defender, Raymund J. Capelovitch, Mary Ann Caradonna, Asst. Public Defenders, St. Louis, for respondent.

RHODES RUSSELL, Judge.

This is an appeal by the State of Missouri under § 547.200 RSMo 1994,[1] from an order of the trial court granting Defendant Terry Bibb's motion to suppress evidence and ordering him discharged. A second notice of appeal was filed seeking review of a nunc pro

---

1. All statutory references hereinafter cited are to RSMo 1994 unless otherwise indicated.

tunc order issued by the trial court after the sustention of the motion to suppress. The appeals have been consolidated and Defendant's motion to dismiss is taken with the case. We reverse the grant of the suppression motion and the discharge of Defendant and grant Defendant's motion to dismiss in part.

On April 21, 1995, at approximately twelve noon, Officers Jefferson and Clemmons, along with two other unidentified officers, were monitoring the 3900 block of Garfield. The area was under surveillance due to many citizen complaints about drug sales. The officers, sitting in an unmarked car, observed Defendant and another individual in the middle of the street. Officers Jefferson and Clemmons saw Defendant drop two off-white chunks to the ground, pick the items up and walk toward a van owned by Defendant. Upon reaching the van, the officers observed Defendant throw something inside the vehicle with the same hand used to pick the items up off the ground. Officer Jefferson detained the other individual, while Officer Clemmons walked toward Defendant and the van. Officer Clemmons testified to looking into the driver's side window of the van and seeing two off-white chunks, one on the driver's side and the other on the floorboard of the van. Officer Clemmons opened the door to the vehicle and seized the items, believing them to be two chunks of crack cocaine. Officer Clemmons read Defendant his rights and arrested him without protest. Later laboratory results indicated the items confiscated to be .22 grams of cocaine base.

■ Defendant was charged by indictment with one count of possession of a controlled substance—cocaine base in violation of § 195.202. Defendant filed a motion to suppress physical evidence, namely, the two chunks of cocaine base seized by the police from Defendant's vehicle. Defendant's motion was argued to the court on October 11, 1995. On October 12, 1995, the court entered its order sustaining Defendant's motion to suppress and ordering Defendant be discharged.

On October 25, 1995, the state filed its first notice of appeal. Five days later, on October 30, 1995, the trial court issued a nunc pro tunc order "correcting" its previous order by deleting the language that Defendant be discharged. On November 2, 1995, the state filed another notice of appeal, appealing the orders of October 12th and 30th. Shortly thereafter, on November 6, 1995, counsel for Defendant filed a motion to withdraw and request for the appointment of counsel, which was granted.

The state raises three issues on appeal. The first issue challenges the order sustaining Defendant's motion to suppress. The second point contests the jurisdiction of the trial court to enter the nunc pro tunc order. Lastly, the third point questions the order allowing the withdrawal of defense counsel. Defendant has filed with this court a separate motion to dismiss points one and three. After reviewing Defendant's motion to dismiss and pertinent authority, we grant the motion only with respect to point three.

■ Point one involves the merits of granting Defendant's motion to suppress by order of October 12, 1995. Before addressing the substance of the suppression motion, we must first determine whether we have jurisdiction to entertain this appeal. Defendant argues we should dismiss this point because the state did not timely file its notice of appeal. Under § 547.200.4, an interlocutory appeal of an order suppressing evidence must be filed within five days of the entry of the order of the trial court. Because the state filed its notice of appeal on October 25, 1995, more than five days after the order was entered, counsel for Defendant asserts the appeal was untimely.

■ Unique to this case is the order appealed from and its practical effect. The order dated October 12, 1995 granted Defendant's motion to suppress the evidence seized and ordered the Defendant discharged, even though no nolle prosequi or formal dismissal had been tendered. The discharge of Defendant effectively terminat-

ed the case and withdrew jurisdiction from the trial court. The only option available to the state was to request review from the appellate court of both the suppression motion and the discharge. As such, the state's appeal was not interlocutory in nature, but more in the form of a judgment appealable under § 547.200.2. Section 547.200.2 gives the state the authority to appeal "in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." The state may therefore appeal in those circumstances where double jeopardy would not result. The United States Supreme Court has held that jeopardy does not attach until the defendant has been put to trial before the trier of fact, whether the trier of fact be a jury or a judge. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Counsel for Defendant equates the grant of the suppression motion and accompanying discharge of Defendant as an acquittal, thereby causing jeopardy to attach and prohibiting the state from seeking an appeal. We do not agree. Courts have recognized that jeopardy does not attach unless a question of the defendant's guilt or innocence is involved. *Serfass,* 420 U.S. at 391–92, 95 S.Ct. at 1064–65; *State v. Casaretto,* 818 S.W.2d 313, 315–16 (Mo.App.1991). "Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Serfass,* 420 U.S. at 391–92, 95 S.Ct. at 1064.

■ We find the circumstances of this case more analogous to a dismissal of an indictment or similar in effect to other pretrial dismissals. Jeopardy does not attach when the court's dismissal is based on a pretrial matter and the state has the right to retry the defendant. *See State v. Reed,* 770 S.W.2d 517, 520 (Mo.App.1989), *appeal after remand,* 815 S.W.2d 474 (Mo.App.1991). Here, since the question of Defendant's guilt was not determined, the risk of double jeopardy is not implicated and the state is free to appeal pursuant to § 547.200.2. *See, e.g., State v. Dicus,* 858 S.W.2d 757, 759 (Mo.App.

1993) (allowing state to appeal dismissal of charges on grounds of ineffective assistance of counsel); *State v. Brown,* 722 S.W.2d 613, 616 (Mo.App.1986) (allowing state to appeal dismissal of charges on grounds of violating constitutional guarantee of speedy trial).

Having determined the state can pursue its first appeal under § 547.200.2, the next issue in contention is the timeliness of the state's filing. Subparagraph 2 of § 547.200 gives the state the option to appeal in certain criminal cases and further states that the supreme court "shall issue rules governing such appeals," however, a thorough review of the rules provides no guidance for appeals under that paragraph. The five-day filing requirement of § 547.200.4, noted above, is inapplicable to appeals under § 547.200.2 and, to date, no specific rule has been adopted addressing state appeals pursuant to § 547.200.2. This void in the rules was pointed out by our colleagues in the Western District in *State v. Brown,* 722 S.W.2d 613, 617 (Mo.App.1986). In *Brown,* the state sought to appeal the trial court's order dismissing the charges filed against the defendant on grounds of violating his rights to a speedy trial and discharging the defendant. The state filed the appeal thirty days after the trial court dismissed the charges. The court held that due to the gap in the rules, the parties had no guidance as to when the order became final for purposes of appeal. The court urged the supreme court to implement rules to govern state appeals under § 547.200.2 and, until such rules were promulgated, the appellate court would not decide the issue adversely to a party who had no frame of reference on the issue. *Id.* at 618.

■ We agree with the *Brown* court's reasoning and rule in favor of the state. Of course, if the appeal consisted only of the motion to suppress, then the appeal would be interlocutory and the state would have had to file its notice within five days of the entry of the order. § 547.200.4. When the state files an interlocutory appeal, the five-day filing period will be strictly enforced absent some

rule by the supreme court allowing for late filing. *State v. Beaver,* 697 S.W.2d 573, 574–75 (Mo.App.1985). In circumstances like the present case where the state's appeal is not interlocutory, the rules remain silent. We therefore will not penalize the state for filing its notice of appeal on October 25, 1995 and will address the merits of its point one.

■■■■ · When reviewing a trial court's order suppressing evidence, the facts and reasonable inferences arising therefrom are to be considered favorably to the order challenged on appeal. *State v. Blair,* 691 S.W.2d 259, 260 (Mo. banc 1985), *overruled in part by State v. Mease,* 842 S.W.2d 98, 106 (Mo. banc 1992). We will reverse the trial court's judgment only if it is clearly erroneous. *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990).

■■■ The state asserts the police lawfully discovered the cocaine base pursuant to the plain view doctrine during a valid investigative stop. The plain view doctrine allows seizure of evidence, without a search warrant, when (1) the evidence is observed in plain view while the officer is in a place he has a right to be; (2) the discovery of the evidence is inadvertent; and (3) it is apparent to the officer that he has evidence before him. *State v. Schneider,* 736 S.W.2d 392, 399 (Mo. banc 1987). The doctrine applies when the initial intrusion that brings the officer within plain view of the evidence is authorized by a recognized exception to the warrant requirement, like the exception for actions done pursuant to a legitimate investigation.

■■■ Looking at the record in this case, we find the order suppressing the evidence must be reversed in that, under the particulars of this case, the officers' investigation and search were authorized. At the evidentiary hearing on Defendant's motion to suppress, two police officers testified. The officers were present at the site because of recent complaints of drug transactions in the area. The police observed Defendant and another person talking in the middle of the

street, saw Defendant drop two off-white chunks, pick them up and walk briskly to his vehicle, whereupon he threw the objects into the vehicle's open window with the same hand used to pick the items up off the street. This suspicious activity gave reason for the police officers to further investigate Defendant's actions and his vehicle. The officer involved was in a place where he had a right to be as part of an investigative pursuit. Once the officer approached the vehicle he could observe the contraband within plain view. There is no unlawful search or seizure when an officer observes items in plain view while performing a legitimate investigative function. *State v. Smith,* 675 S.W.2d 690, 693 (Mo.App.1984). Accordingly, the trial court erred in sustaining Defendant's ·motion to suppress and ordering the discharge of Defendant. The state's first point is granted.

■■■ The state next contends the nunc pro tunc order entered by the trial court was in error because (1) the court lacked jurisdiction in that a notice of appeal had already been filed, and (2) the correction made was not proper for a nunc pro tunc order. The nunc pro tunc order was issued five days after the state filed its first notice of appeal and was entered as follows:

Having been made aware by the State's Notice of Appeal that the court order of 10–12–95 included a discharge of the defendant, the court hereby corrects that error and deletes that language from the 10–12–95 order so that the order reads as follows: "Defendant's Motion to Suppress is hereby sustained."

The court is aware it has no authority to discharge the defendant under these circumstances. It was an oversight to have signed the order as written.

■■ Defendant in his brief concedes that the nunc pro tunc order was invalid because it did not merely correct a clerical error but substantively and materially altered Defendant's status and rights. We agree with the parties' construction of the nunc pro tunc order. Nunc pro tunc orders are allowed

under Rule 29.12 which provides that "[c]lerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." A nunc pro tunc order may be used only to correct clerical errors in entering a rendered judgment, it may not be used to alter or amend the rendered judgment. *Unterreiner v. Estate of Unterreiner*, 899 S.W.2d 596, 598 (Mo.App.1995). When a judicial mistake is made in the rendering of a judgment, the error cannot be corrected nunc pro tunc. *Id.* Amendments to correct judicial inadvertence or oversight, or to show what the court might or should have done apart from what it actually did, cannot be made nunc pro tunc. *Id.* (quoting *First Nat'l Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427, 430 (Mo.App.1975)).

The court in its nunc pro tunc order tried to correct an oversight made in its previous order. The nunc pro tunc order was an improper means to correct that error. The order entered on October 30, 1995 was therefore invalid and void. The notice of appeal filed thereafter was ineffective and served to preserve nothing for review.

■■■ Moreover, we question the trial court's authority to enter a nunc pro tunc order once a notice of appeal has been filed. In its challenge to the nunc pro tunc order, the state asserts the trial court lost its jurisdiction once the notice of appeal was filed on October 25, 1995. While that is a correct pronouncement of the law, it is not absolute. Once a notice of appeal is filed, a trial court loses jurisdiction of the case and cannot exercise any judicial function. *State v. Armstrong*, 605 S.W.2d 526, 529–30 (Mo.App. 1980). The trial court may, however, exercise functions of a purely ministerial or executive nature. *Id.* at 530. The trial court's act of attempting to reverse its earlier discharge of the defendant constituted a judicial act beyond the court's jurisdiction after an appeal was sought. *See id.* at 529–30. Rule 74.06(a) of the civil rules of procedure, like Rule 29.12(c) of the criminal rules, allows for

corrections to clerical mistakes or errors in the record and if an appeal has been filed, the correction may be made with leave of the appellate court. Rule 74.06(a); *State v. Johnson*, 861 S.W.2d 807, 809 (Mo.App.1993). Here, the order was entered after the notice was filed without leave being sought.

■■■ The state makes a similar jurisdictional argument with regard to the trial court's actions in allowing Defendant's counsel to withdraw. Like its assertion in point two, the state's third point claims the trial court lost its jurisdiction to allow for a change of counsel once the notices of appeal were filed. As previously noted, once a notice of appeal is filed, the trial court is divested of jurisdiction to do judicial acts but is permitted to do ministerial or executive functions. *Armstrong*, 605 S.W.2d at 530. The act of accepting a withdrawal of defense counsel and appointing a public defender is purely an administrative function within the trial court's discretion and, as such, within the trial court's jurisdiction even after the filing of the notice of appeal. Whether defense counsel should be allowed to withdraw rests within the sound discretion of the trial court in its attempt to protect the administration of justice. *State v. Olinghouse*, 605 S.W.2d 58, 70 (Mo. banc 1980). In doing so, the court must be mindful of a defendant's constitutional right to counsel at all critical stages of the prosecution, including on appeal. Rule 31.02.

■■ We furthermore note that the state did not file a separate notice of appeal after the court allowed the change of counsel. Even without that deficiency, the appeal of a motion to withdraw as counsel is not cognizable in an appeal of this sort. The state cites no authority allowing for its appeal of a withdrawal of defense counsel and we decline to recognize it as an appealable order.

Based on the foregoing reasoning, we reverse the trial court's order granting Defendant's motion to suppress and discharging Defendant and remand the cause for further proceedings. The second appeal of the nunc pro tunc order is dismissed, as well as the

third point challenging the withdrawal of defense counsel. Defendant's motion to dismiss the appeal taken with the case is granted in part and denied in part as analyzed more fully herein.

SMITH, P.J., and GARY M. GAERTNER, J., concur.