**STATE of Missouri, Appellant,**

v.

**Buford K. CASEBOLT, Respondent.**

**No. 22384.**

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for appellant.

Richard w. Sullivan, Independence, for respondent.

CROW, Judge.

The State brings this appeal from an order granting an accused a new trial in a criminal proceeding. The threshold issue

confronting this court is whether the State's notice of appeal was timely.

Defendant, Buford K. Casebolt, was tried by jury on four counts of "causing to be made a false statement to receive a health care payment" in violation of § 191.905.1, RSMo 1994. On April 15, 1998, the jury found Defendant guilty of Count I but not guilty of Counts II, III and IV.

Defendant filed a timely motion for new trial as to Count I on May 4, 1998.[1] The trial court granted the motion on May 11, 1998, or May 13, 1998.[2]

According to the record, the State filed a notice of appeal June 14, 1998.[3]

■ Defendant maintains the State's notice of appeal was filed too late. Defendant cites Rule 30.01(d), which reads, in pertinent part:

"When an appeal is permitted by law from a trial court, a party or his agent may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

Defendant argues that the trial court's order granting the new trial became final when entered, hence the State's notice of appeal, to be timely, had to be filed within ten days after the trial court awarded the new trial. Inasmuch as the State missed that deadline, Defendant insists this court must dismiss the appeal.

The State responds that this appeal is brought under § 547.200.2, RSMo Cum. Supp.1997, which reads:

"The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210[4] and in all

---

1. The trial court granted Defendant additional time to file his motion for new trial as authorized by Rule 29.11(b), Missouri Rules of Criminal Procedure (1998). References to Rules in this opinion are to the 1998 edition unless otherwise indicated.

2. There is a conflict in the record as to the date the trial court granted the motion. The docket sheet displays a handwritten entry dated "5 11 98," ostensibly signed by the trial judge, granting the new trial. The transcript prepared by the official court reporter shows a hearing was held May 13, 1998, at the conclusion of which the trial court granted the new trial. The State's brief says the new trial was granted May 13, 1998; Defendant's brief says the new trial was granted May 11, 1998. A motion to dismiss this appeal filed by Defendant in this court avers the new trial was granted May 11, 1998. A response to that motion by the State agrees the new trial was granted May 11, 1998. As shall become evident *infra*, it makes no difference which date is correct.

3. June 14 1998, was a Sunday. How the State managed to get the notice filed on Sunday is unexplained.

4. Section 547.210, RSMo 1994, reads:

"When any indictment or information is adjudged insufficient upon demurrer or ex- ception, or where judgment thereon is arrested or set aside, the court in which the proceedings were had, either from its own knowledge or from information given by the prosecuting attorney that there is reasonable ground to believe that the defendant can be convicted of an offense, if properly charged, may cause the defendant to be committed or recognized to answer a new indictment or information, or if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal."

In *State v. Futrell*, 329 Mo. 961, 46 S.W.2d 588 (1931), the State, invoking § 3753, RSMo 1929 (the predecessor of § 547.210, quoted above), successfully appealed from an order granting an accused a new trial in a criminal proceeding. 46 S.W.2d at 589–90. The new trial in *Futrell* was granted on the ground that the information was insufficient. *Id.* Nothing appears in *Futrell* regarding the timeliness of the notice of appeal. As authority for the State's right to appeal, *Futrell* cited *State v. Carson*, 323 Mo. 46, 18 S.W.2d 457 (1929), another case where the State successfully appealed from an order granting an accused a new trial in a criminal proceeding. In *Carson*, as in *Futrell*, the new trial was awarded on the ground that the information was insufficient. *Carson*, 18 S.W.2d at 458. Nothing appears in *Carson* regarding the timeliness of the notice of appeal.

other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals."

The State proclaims its appeal is immune from dismissal, arguing:

"This court has jurisdiction to consider this appeal, because there is no clear guidance in § 547.200 . . . or an applicable Supreme Court Rule, as to when the State had to file its notice of appeal, and Missouri courts have refused to decide adversely to parties who lack such clear guidance."

In support of that premise, the State cites *State v. Brown*, 722 S.W.2d 613 (Mo. App. W.D.1986), where the State appealed under § 547.200.2, RSMo Supp.1984,[5] from an order granting an accused's motion to dismiss an indictment on the ground that his right to a speedy trial was violated. *Id.* at 614. The order was entered May 3, 1985. *Id.* at 616. The judge stated he felt he had jurisdiction over the order for thirty additional days. *Id.* The State filed its notice of appeal June 4, 1985. *Id.*

The appellate court in *Brown* recognized the crucial issue was when the order of dismissal became final for purpose of appeal. *Id.* Finding no statute or rule addressing that issue, *Brown* held:

"With no guidance by applicable rule or statute as to when the order to dismiss was final for purposes of appeal by the state under § 547.200.2, this court cannot sustain Brown's motion to dismiss the appeal on the ground it was untimely. It is for the legislature or the supreme court to tell the parties when state appeals from judgments and orders under § 547.200.2 become final. The parties had no frame of reference by which it can be determined when the order was final, and the issue will not be decided adversely to a party who had no definite guidance. This court's determination of the finality question would affect future appeals and would be tantamount to promulgating or amending the rules, particularly Rule 30.02." [6]

*Id.* at 618[3].

*Brown* is not controlling in the instant case, as the order appealed from in *Brown* dismissed an indictment because the accused's right to a speedy trial was abridged, whereas the order appealed from here granted Defendant a new trial.[7]

5. The version of § 547.200.2 in RSMo Supp. 1984 has remained unchanged since *Brown*.

6. Rule 30.02, which has remained unchanged since July 1, 1986, governs appeals where the State "is permitted by law to appeal an order or judgment that is not a final judgment." The rule says nothing about when an order granting an accused's motion for new trial becomes final for purpose of appeal.

7. Two other cases cited by the State are likewise inapposite, as neither involved an appeal by the State from an order granting an accused a new trial in a criminal proceeding. In one, *State v. Champlin*, 919 S.W.2d 24 (Mo.App. S.D.1996), the State appealed from a trial court order dismissing a charge of driving while intoxicated ("DWI") on the ground that the administrative suspension of the accused's driving privileges constituted punishment, hence the DWI charge subjected him to double jeopardy. *Id.* The accused asserted the State's appeal was untimely, as the notice of appeal was filed thirteen days after the order of dismissal. *Id.* n. 2. This court, citing *Brown*, 722 S.W.2d 613, held the appeal was timely. *Champlin*, 919 S.W.2d at 24 n. 2. The other case cited by the State is *State v. Bibb*, 922 S.W.2d 798 (Mo.App. E.D.1996). There, the trial court entered an order granting an accused's motion to suppress evidence and directing that he be discharged. *Id.* at 800. The State filed a notice of appeal thirteen days later. *Id.* The appellate court noted that had the order merely suppressed evidence, the notice of appeal would have been untimely, as § 547.200.4, RSMo 1994, sets a five-day deadline for appealing an order suppressing evidence. *Id.* However, because the order discharged the accused and there is no statute or rule establishing when an order of that type becomes final for purpose of appeal, the appellate court, citing *Brown*, 722 S.W.2d 613, held it would not "penalize" the State for filing its notice of appeal thirteen days after entry of the order. *Bibb*, 922 S.W.2d at 801–02.

The question of when an order granting an accused a new trial in a criminal proceeding becomes final for purpose of appeal is evidently one of first impression in Missouri. For guidance, this court looks to cases where appellate courts have addressed the issue of when an order granting a party a new trial in a *civil* action becomes final for purpose of appeal.

One such case is *Clayton v. Clayton*, 679 S.W.2d 431 (Mo.App. E.D.1984). There, a party attempted to appeal from an order granting a new trial by filing a notice of appeal twenty-five days after the order was entered. *Id.* The appellate court dismissed the appeal, explaining:

"[T]his order became final upon entry, Rule 81.05,[8] subject to review by this court upon a timely appeal. To be timely, the notice of appeal must be filed within ten days of the disposition of the motion. Rule 81.04. *Dayringer v. Mullen*, 651 S.W.2d 500, 502 (Mo.App.1983). Because the ... notice of appeal was not filed until 25 days after the disposition of the [new trial] motion, it is untimely, and this Court has no jurisdiction of this appeal."

*Id.*

This court cited *Clayton* with approval in *In re Marriage of Huey*, 716 S.W.2d 479, 480 (Mo.App. S.D.1986). There, the trial court, after hearing evidence, dismissed a wife's petition for dissolution of marriage. *Id.* The wife filed a timely motion for new trial; the trial court subsequently denied it. *Id.* Twenty days after the denial, the wife filed a notice of appeal. *Id.* This court dismissed the appeal, saying:

"The trial court was divested of jurisdiction when it overruled [the wife's] motion for new trial[.] ... The ten-day period, provided for filing an appeal by Rule 81.04, commenced on that date. Because [the wife's] notice of appeal was not filed until twenty days after the disposition of her motion for new trial, it is untimely and this court is without jurisdiction."

*Id.* at 480–81 (citations omitted).

In *Dayringer v. Mullen*, 651 S.W.2d 500 (Mo.App. W.D.1983), cited in *Clayton*, 679 S.W.2d at 431, a jury returned a verdict for plaintiff on January 29, 1982, and the trial court immediately entered judgment per the verdict. *Dayringer*, 651 S.W.2d at 501. Thereafter, these events occurred:

February 13, 1982. Defendants file motion for new trial. *Id.*

---

8. At the time *Clayton* was decided, Rule 81.05(a) read, in pertinent part:

"In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is passed on at an earlier date, then at the date of disposition of said motion."

After an amendment that took effect July 1, 1996, the above-quoted sentence in Rule 81.05(a) now reads:

"In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, if such motion is ruled on at an earlier date, then at *the later of the date of disposition of said motion or thirty days after entry of judgment.*" (Emphasis added.)

Apparently, the purpose of the amendment was to eliminate confusion about finality if a party filed a motion for new trial and the trial court denied it within thirty days after entry of judgment. Under Rule 75.01, a trial court retains control over judgments in civil cases during the thirty-day period after entry, and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify the judgment within that time. Consequently, no judgment under the trial court's control per Rule 75.01 is final until thirty days expire after entry. In contrast, a judgment in a criminal case is final for purpose of appeal when the trial court enters judgment and sentence. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693[1] (Mo. banc 1979). The only exception in criminal cases is Rule 29.13(a). It authorizes a trial court, within thirty days after entry of judgment and prior to the filing of the transcript on appeal, to arrest or set aside a judgment if (1) the facts stated in the indictment or information do not constitute an offense, or (2) the court is without jurisdiction of the offense charged. *See: Wagner, id.* at 693, which discusses former Rule 27.22, the predecessor of Rule 29.13(a).

March 4, 1982. Trial court grants motion and awards defendants a new trial. *Id.*

March 11, 1982. Plaintiff files motion for "reconsideration" and reinstatement of verdict. *Id.*

March 15, 1982. Trial court sets aside order of March 4, 1982, and denies all post-trial motions of defendants conditionally on remittitur by plaintiff of part of jury award. *Id.*

March 18, 1982. Trial court enters judgment for plaintiff, reduced by remittitur. *Id.*

On appeal by defendants from the judgment for plaintiff, the appellate court held:

"The action by the trial court reflected in the entries of March 15 and March 18, 1982 was contrary to the civil rules and in excess of the court's jurisdiction. The March 4, 1982 order granting [defendants] a new trial was final when entered and was subject only to review on appeal. [Plaintiff] had ten days from that date in which to file his notice of appeal and, having failed to do so and the time for late notice of appeal under Rule 81.07 having expired, the order for a new trial is the controlling disposition of the case."

*Id.* at 502.

The appellate court reversed the judgment, reinstated the order of March 4, 1982 (awarding defendants a new trial), and remanded the case for further proceedings. *Id.*

■ This court finds nothing in the statutes, rules or cases indicating a trial court, upon granting an accused's motion for new trial in a criminal case, has power thereafter to set aside the ruling and make a different disposition. This court's research has produced nothing to support a holding that a trial court's authority in a criminal case differs from its authority in a civil case where, as explained in *Dayringer,* 651 S.W.2d at 502, a court, after granting a new trial, has no power to disturb that ruling.

Accordingly, consistent with *Clayton, Huey* and *Dayringer,* this court holds the trial court's order granting Defendant a new trial in the instant case was final for purpose of appeal when entered, hence the State had ten days thereafter to file a notice of appeal.

That holding is consistent with the public policy manifested in § 547.200.4, RSMo Cum.Supp.1997, that appeals by the State in criminal proceedings be pursued swiftly. That statute provides that appeals by the State in instances authorized by § 547.200.1 shall be commenced by filing a notice of appeal within five days after entry of the order or judgment appealed from.

The Supreme Court of Missouri has also evinced a credo that appeals by the State proceed posthaste by promulgating Rule 30.02. Paragraph "(b)" thereof provides that the record on appeal is due within fifteen days after the notice of appeal is filed. Paragraph "(c)" thereof establishes an accelerated briefing schedule whereby briefing should be completed within sixty days after the filing of the record. That contrasts with the briefing schedule in Rule 84.05(a) for civil cases which provides that briefing should be completed within 105 days after the filing of the record.

This court does not ignore the rationale of *Brown,* 722 S.W.2d at 618[3], and *Bibb,* 922 S.W.2d at 801–02, that a notice of appeal by the State should not be held untimely where there is no definite guidance as to when the State should have filed it. However, unlike those cases (where there was indeed no guidance), there was ample case law to guide the State in the instant case — case law establishing that in civil cases, an order granting a new trial is final for purpose of appeal when entered. The existence of that authority may be why the Supreme Court of Missouri has promulgated no rule on the subject for criminal cases.

It defies logic to treat an order granting a new trial in a criminal case differently than an order granting a new trial in a civil case for purpose of appeal. Treating the two differently would create a distinction with no apparent justification and place one more procedural land mine in the path of appellate review.

Because the State's notice of appeal in the instant case was not filed within ten days after the trial court awarded Defendant a new trial, this court holds the notice of appeal was untimely. Consequently, the appeal must be dismissed.[9] *State v.* *Beaver,* 697 S.W.2d 573, 574–75 (Mo.App. E.D.1985).

Appeal dismissed.

PREWITT, P.J., and PARRISH, J., concur.

---

**9.** Defendant does not dispute the State's right to appeal from the order granting him a new trial. In this opinion, this court has assumed, without deciding, that the State had such a right. Inasmuch as this court has dismissed the appeal, any appealability issue is moot. This court nonetheless notes that the new trials in *Futrell* and *Carson,* referred to in footnote 4, *supra,* were awarded because the informations were deficient, whereas the new trial in the instant case was awarded because the State adduced evidence which the trial court had forbidden when the trial began.