STATE of Missouri, Appellant,

v.

Byron CARTER, Respondent.

No. ED 80378.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 25, 2002.

Martin R. Minnigerode, Asst. Cir. Atty., St. Louis, MO, for appellant.

Amy Beth Fearncombe, Assistant Public Defender, St. Louis, MO, for respondent.

GLENN A. NORTON, Judge.

Byron Carter was found guilty after a jury trial on one count of unlawful use of a weapon. The State of Missouri appeals the trial court's order granting Carter a new trial. We dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

In 2001, a jury in the Circuit Court for the City of St. Louis convicted Carter on one count of unlawful use of a weapon for carrying a concealed weapon. After the verdict, but before sentencing, Carter filed a timely motion for new trial. The motion was granted, and a new trial date promptly set.[1] The State filed this appeal, claiming that the trial court abused its discretion in granting a new trial. The State asserts that its appeal is taken under section 547.200.2 RSMo 2000.[2] Carter argues that this Court does not have jurisdiction because the trial court's order granting a

new trial is not final for purposes of appeal. We agree.

## II. DISCUSSION

The right to appeal in Missouri is purely statutory. *State v. Burns*, 994 S.W.2d 941 (Mo. banc 1999). The State's right to appeal in criminal cases is outlined in section 547.200. Section 547.200.1 enumerates specific types of orders from which the State may appeal; the new trial order here is not listed. Section 547.200.2 provides that the State "shall be allowed an appeal ... in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." In section 547.200.5, the legislature directs the Supreme Court to issue appropriate rules to facilitate the disposition of appeals by the State.

Rule 30.01(a) provides that appeals brought under section 547.200.2 may only be taken "[a]fter the rendition of a final judgment." *See also Burns*, 994 S.W.2d at 942; *State v. Drake*, 906 S.W.2d 787, 788 (Mo.App. E.D.1995). "A trial court's judgment is final for purposes of conferring appellate jurisdiction if the judgment 'disposes of all disputed issues in the case and leaves nothing for future adjudication.'" *Burns*, 994 S.W.2d at 942 (quoting *Williams v. State*, 954 S.W.2d 710, 711 (Mo.App. S.D.1997)).

A trial court's order granting a new trial in a criminal case is not final for purposes of appeal. Rather, it is an interlocutory order. *State v. Harris*, 486 S.W.2d 227, 229 (Mo.1972); *see also State v. Herring*, 887 S.W.2d 728, 730 (Mo.App. S.D.1994). An interlocutory order is one

1. After this appeal was filed, the trial court removed the trial setting from the calendar and stayed all proceedings pending appeal.

2. Unless otherwise noted, all rule references are to the Missouri Supreme Court Rules (2001), and all statutory references are to RSMo 2000.

that decides some matter, but is not a final decision of the whole controversy. *Herring*, 887 S.W.2d at 730. By granting a new trial, the trial court does not dispose of all disputed issues—quite the opposite. Everything is left for future adjudication.

In *State v. Burns*, our Supreme Court addressed the State's right to appeal in a criminal case where there was still the possibility of future litigation. There, the State appealed an order dismissing its case without prejudice before trial. *Burns*, 994 S.W.2d at 941. The State indicated that it "may" re-file the case, and nothing suggested that any statute of limitations or double jeopardy would stand in the State's way. *Id.* at 943. The Supreme Court found that the dismissal without prejudice did not preclude further litigation and was not final for purposes of appeal. *Id.* Here, future adjudication is a virtual certainty—the trial court has ordered another trial, set the new trial to begin less than two months after the motion was granted, and the State has given no indication that it intends to voluntarily dismiss the charges (or it would not be pursuing appeal). There can be no doubt that this new trial order is interlocutory, not final.

Unlike the civil arena, there is no statutory authority granting the State a right to appeal this particular interlocutory order. *See* Section 512.020; *see also Harris*, 486 S.W.2d at 229. The State asserts that its right to appeal this order comes from section 547.200.2 because the appeal will not result in double jeopardy to Carter. In *Burns*, the Supreme Court held that section 547.200.2 does not grant the State a right to appeal any order simply because an appeal would not result in double jeopardy—the order appealed from must also be final. 994 S.W.2d at 942; *see also Herring*, 887 S.W.2d at 730. To require only an impossibility of double jeopardy

would render meaningless both Rule 30.01 and the enumeration in section 547.200.1 of specific interlocutory orders that the State may appeal. *Burns*, 994 S.W.2d at 942–43.

Since *Burns*, Missouri appellate courts in other districts have reviewed appeals by the State from new trial orders, without addressing finality or the State's right to appeal. *See State v. Ginn*, 31 S.W.3d 454 (Mo.App. W.D.2000) and *State v. Casebolt*, 994 S.W.2d 114 (Mo.App. S.D.1999).

In *State v. Casebolt*, decided only one day after *Burns*, the trial court granted the defendant's motion for new trial, and the State appealed under section 547.200.2. 994 S.W.2d at 116. The Southern District considered as a question of "first impression" *when* an order granting a new trial in a criminal case becomes final for purposes of calculating the time period in which the State must file an appeal. *Id.* at 117. The Court relied on civil case law, concluding that it "defies logic" to differentiate between orders granting new trials in civil and criminal cases for the purposes of appeal. *Id.* at 117–119, 119. Therefore, it held that in both criminal and civil cases new trial orders are final when entered. *Id.* at 118. In so holding, the Court assumed, without deciding, that the State had the *right* to appeal from the order granting a new trial. *Id.* at 119 n. 9. Because the Court ultimately dismissed the appeal as untimely, it determined that the State's right to appeal was a moot issue. *Id.*

*Casebolt* is not applicable here. First, it did not decide the question of whether the State had the right to appeal the new trial order. Second, *Casebolt* incorrectly relied on civil case law to determine the State's rights on an appeal in a criminal case. As the Supreme Court noted in *Harris*, there is a dispositive distinction between the civil and criminal rules regarding the ability to appeal orders granting a new trial—the

appeal is authorized by statute in civil cases, but not in criminal cases. 486 S.W.2d at 229 (citing Section 512.020 RSMo 1969).

Because *Casebolt* was decided only one day after *Burns*, we assume it was without the benefit of the Supreme Court's decision that no right to appeal interlocutory orders is granted by section 547.200.2. Although not cited, the Court in *Casebolt* did have the benefit of its own precedent in *Herring*, 887 S.W.2d at 728. There, the Southern District held that section 547.200.2 only authorizes an appeal by the State "where the effect of the court's order is to dispose of the entire controversy." *Id.* We do not see a difference, for purposes of determining the State's right to appeal, between the court's order in *Herring* granting a new hearing and the court's order in *Casebolt* granting a new trial—neither disposed of the entire controversy. The decision in *State v. Ginn* is likewise inapplicable here. There, the State appealed the granting of a new trial. *Ginn*, 31 S.W.3d at 455. Finality and the State's right to appeal were not addressed, and we do not know whether the Western District assumed that the State had the

right to appeal or was even aware of *Burns*. Moreover, it relied on civil cases and civil rules of procedure discussing the standard for granting a new trial and appellate review thereof. *Id.* at 457–459. In this case, where we must decide whether the State in a criminal case has the right to appeal, we look to criminal law, not civil.[3] *See Harris*, 486 S.W.2d at 229.

This Court will follow *Harris* and *Burns*. We hold that the State may not appeal the granting of a motion for new trial in criminal cases.

■ The State is not without recourse here. It may seek review of the trial court's interlocutory order by way of a remedial writ. *See State v. Eisenhouer*, 40 S.W.3d 916, 918 (Mo. banc 2001); *see also Burns*, 994 S.W.2d at 943; *State ex rel. Parks v. Barker*, 567 S.W.2d 130, 133 (Mo. banc 1978). "Such an approach produces a more coherent procedural result by limiting interlocutory interference with the trial of a criminal case by an appellate court to those very rare instances of judicial excess by the trial court." *Burns*, 994 S.W.2d at 943.[4]

---

**3.** Prior to *Burns*, this Court and Missouri appellate courts in other districts have reviewed appeals brought by the State from new trial orders, without addressing the State's right to appeal or finality of a new trial order in criminal cases. *See State v. Post*, 804 S.W.2d 862 (Mo.App. E.D.1991); *State v. Eiland*, 809 S.W.2d 169 (Mo.App. E.D.1991); *State v. Schuler*, 838 S.W.2d 19 (Mo.App. E.D.1992); *State v. Payne*, 910 S.W.2d 318 (Mo.App. E.D. 1995) (per curiam); *State v. Chandler*, 908 S.W.2d 181 (Mo.App. E.D.1995); *State v. Brown*, 984 S.W.2d 535 (Mo.App. E.D.1998); *State v. Stone*, 869 S.W.2d 785 (Mo.App. W.D. 1994); *State v. Tinoco*, 967 S.W.2d 87 (Mo. App. W.D.1998).

Because these cases do not address the issues facing us today, they are not applicable. Moreover, these decisions were rendered without the benefit of *Burns*, which clarifies the State's right to appeal in criminal cases.

Nor do any of these decisions refer to *Harris*, which was decided in 1972 and which this author believes forecloses any appeal from a new trial order in criminal cases. Because *Harris* was an appeal taken by the defendant, perhaps the writers of the above-cited decisions felt it was distinguishable. We do not believe it is distinguishable from this appeal.

**4.** We do not, by suggesting that the remedy exists, intend to suggest that the State is entitled to it here. An extraordinary remedy should only be issued "when the facts and circumstances of the particular case demonstrate unequivocally that there exists an extreme necessity for preventive action." *Derfelt v. Yocom*, 692 S.W.2d 300, 301 (Mo. banc 1985). Further, "[p]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. Director of*

### III. CONCLUSION

This Court does not have jurisdiction because the new trial order appealed from is not final. The State's appeal is dismissed.

JAMES R. DOWD, C.J., and ROBERT G. DOWD, JR., J., concurring.

*Revenue, State of Mo. v. Gaertner,* 32 S.W.3d 564, 565 (Mo. banc 2000).