STATE of Missouri, Appellant,

v.

Randol RING, Respondent.

No. WD 60649.

Missouri Court of Appeals,
Western District.

Oct. 15, 2002.

Terrence M. Messonnier, Lexington, MO, for appellant[s].

Randol Ring, Respondent Pro Se, Odessa, MO, for respondent[s].

Before JOSEPH M. ELLIS, Chief Judge, VICTOR C. HOWARD, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Chief Judge.

Randol[1] Ring was charged with the class A misdemeanor of stealing, § 570.030.[2] The State alleged that Ring stole his neighbors' dog, a chocolate Labrador retriever. Ring waived his right to a jury trial, and on September 28, 2001, following a court trial, he was found guilty of the charge. On October 2, 2001, Ring filed a motion for a new trial. On October 12, 2001, he filed a first-amended motion for a new trial. On October 18, 2001, the State filed its response. The trial court sustained Ring's motion with a docket entry.[3]

1. According to an affidavit signed by Ring's parents, Ring's first name is "Randall." All of the pleadings, however, use the name Randol.

2. All statutory references are to RSMo 2000 unless otherwise noted.

3. The docket sheet indicates that the trial court granted Ring's motion for new trial on October 5, 2001; however, the date is apparently a typographical error. While the entries are in chronological order on the docket sheet, the October 5, 2001, entry follows en-

After filing its appeal, the State raised the question whether an appeal properly lies from the grant of a defendant's motion for new trial in a criminal case.[4] Therefore, before we can consider the merits, we must first address our jurisdiction to hear the instant appeal.

In *State v. Burns*, 994 S.W.2d 941 (Mo. banc 1999), the Missouri Supreme Court considered the State's right to appeal in criminal cases. There, the State appealed from the trial court's order, prior to trial, sustaining the defendant's motion to dismiss the case without prejudice. *Id.* at 941. On appeal, the defendant argued that the trial court's order was not a final order or one of the types of interlocutory orders from which appeal is permitted. *Id.* The Court first noted that the right to appeal in Missouri is entirely statutory. *Id.* It then reviewed § 547.200[5] and Rule 30.01[6] and determined that the trial court's order was not a final judgment.[7] *Id.* at 942–43. "A trial court's judgment is final for purposes of conferring appellate jurisdiction if the judgment 'disposes of all disputed issues in the case and leaves nothing for future adjudication.'" *Id.* at 942 (quoting *Williams v. State*, 954 S.W.2d

---

tries for October 18, 2001, and October 12, 2001. In addition, Ring did not file first-amended motion for new trial until October 12, 2001. Ring's notice of appeal states that the post-trial motion was ruled on November 5, 2001.

4. The State filed a petition for writ of prohibition, noting the recent decision in *State v. Carter*, 78 S.W.3d 786 (Mo.App. E.D.2002) holding that the State may not appeal from an order granting a new trial in a criminal case.

5. Section 547.200 provides:
   1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:
      (1) Quashing an arrest warrant;
      (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020, RSMo;
      (3) Suppressing evidence; or
      (4) Suppressing a confession or admission.
   2. The state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals.
   3. The appeal provided in subsection 1 of this section shall be an interlocutory appeal, filed in the appropriate district of the Missouri court of appeals, unless the proceedings involve a charge of capital murder or murder in the first degree, pursuant to the provisions of section 565.001 or 565.003, RSMo, in which case notices of appeal shall be filed in the supreme court of Missouri.
   4. Notices of appeal involving appeals under subsection 1 of this section shall be filed in the appropriate court within five days of the entry of the order of the trial court. In such appeals, the time requirements of section 545.780, RSMo, shall be tolled until the decision is rendered by the appropriate appellate court.
   5. The supreme court shall issue appropriate rules to facilitate the disposition of such appeals, balancing the right of the state to review the correctness of pretrial decisions of a trial court against the rights of the defendant to a speedy trial, including measures to facilitate these appeals by shortening of the time to file appellant's brief under supreme court rule 30.06(K) to ten days, and eliminations of motions for rehearing or transfer under supreme court rules 30.26 and 30.27.

6. Rule 30.01 provides, in pertinent part: "(a) Right to Appeal. After the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law."

7. In doing so, it initially observed that the dismissal was "not one of the four types of interlocutory orders enumerated in section 547.200.1 from which an appeal is permitted" and authorized by Rule 30.02. *Burns*, 994 S.W.2d at 942.

710, 711 (Mo.App. S.D.1997)). "The most common instance in which a judgment is final in a criminal case is when sentence is entered." *Id.* A judgment is also final in a criminal case "when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge, for example, when an information is dismissed because the trial court determines that the offense charged is unconstitutional." *Id.* (citing *State v. Lee Mech. Contractors, Inc.*, 938 S.W.2d 269, 271 (Mo. banc 1997)). The Court noted that the State had acknowledged it may refile the same charge, and further litigation was not precluded because double jeopardy had not attached and the statute of limitations had not run. *Id.* at 943. Since there was no final judgment, the Court dismissed the appeal for lack of jurisdiction. *Id.*

While *Burns* did not address the precise issue before us, the Missouri Supreme Court in 1972 did determine that a defendant could not appeal from an order granting a new trial in a criminal case because the order was not final. *State v. Harris,* 486 S.W.2d 227, 229 (Mo.1972). "The order purportedly grants a new trial, an interlocutory order from which by virtue of statute ... an appeal does lie in civil causes, but no provision for appeal from such an order in a criminal case is to be found." *Id.* Nevertheless, subsequent to *Harris* all three districts of the Court of Appeals have more or less routinely reviewed appeals brought by the State from new trial orders without any mention of *Harris. See e.g. State v. Ginn,* 31 S.W.3d 454 (Mo.App. W.D.2000); *State v. Casebolt,* 994 S.W.2d 114 (Mo.App. S.D.1999); *State v. Brown,* 984 S.W.2d 535 (Mo.App. E.D. 1998); *State v. Stone,* 869 S.W.2d 785 (Mo. App. W.D.1994); *State v. Tinoco,* 967 S.W.2d 87 (Mo.App. W.D.1998); · *State v. Post,* 804 S.W.2d 862 (Mo.App. E.D.1991);

*State v. Eiland,* 809 S.W.2d 169 (Mo.App. E.D.1991); *State v. Schuler,* 838 S.W.2d 19 (Mo.App. E.D.1992); *State v. Payne,* 910 S.W.2d 318 (Mo.App. E.D.1995); *State v. Chandler,* 908 S.W.2d 181 (Mo.App. E.D. 1995).

Two of those cases, *Casebolt* and *Ginn,* were actually decided after *Burns.* However, *Casebolt* expressly noted that the defendant had not disputed the State's right to appeal from the order granting him a new trial and that the court was, therefore, assuming, without deciding, that the State had such a right. *Casebolt,* 994 S.W.2d at 119 n. 9. Similarly, it is apparent that finality and the State's right to appeal were not issues raised by the respondent in *Ginn,* and it is clear from a reading of that case that the parties did not bring *Harris* or *Burns* to the attention of the court.

Accordingly, both *Casebolt* and *Ginn* merely decided the issues that were briefed and argued by the parties and did not address the State's right to appeal from an order granting the defendant a new trial. Thus, neither *Casebolt* nor *Ginn* can be read as holding that the grant of a defendant's motion for new trial in a criminal case is a final judgment from which the State may take an appeal.

Recently, the Eastern District relied on *Burns* and *Harris* to hold that in a criminal case, the State may not appeal an order granting a motion for new trial. *State v. Carter,* 78 S.W.3d 786, 789 (Mo. App. E.D.2002). The court determined that such an order is interlocutory because, rather than dispose of all matters in dispute, the order leaves the issues for future adjudication in the same fashion as did the dismissal without prejudice in *Burns. Id.* at 788. Indeed, the court noted that a date for the new trial had already been set and that the State had

given no indication that it intended to drop the charges. *Id.*

 Based on our review of *Burns* and *Harris,* as well as the applicable statutes and rules, we conclude and therefore hold, as did the Eastern District in *Carter,* that an order granting a new trial in a criminal case is interlocutory, is not one of the four types of interlocutory orders enumerated in section 547.200.1, and, as such, the State has no right to appeal such an order.[8] Accordingly, the State had no right to appeal in this case and the appeal is, therefore, dismissed for lack of jurisdiction.

All concur.

---

**8.** As noted in *Burns,* the State is not without recourse if the trial court "lacked authority" to act. The "writ of prohibition exists to prevent the 'usurpation of judicial power.'" *Burns,* 994 S.W.2d at 943.