

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | WD76695 |
| | ) | |
| CASSANDRA E. JOHNSTON, | ) | Opinion filed:  September 30, 2014 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**
**THE HONORABLE GARY M. OXENHANDLER, JUDGE**

Before Division Two:  Victor C. Howard, Presiding Judge,
James E. Welsh, Judge and Anthony Rex Gabbert, Judge

The State appeals the trial court's order granting Cassandra Johnston a new trial after she was found guilty by a jury of murder in the first degree, armed criminal action, and tampering in the first degree.  Because the order is not appealable, the appeal is dismissed.

Cassandra Johnston was found guilty after a jury trial of murder in the first degree, section 565.020, RSMo 2000, armed criminal action, section 571.015, RSMo 2000, and tampering in the first degree, section 569.080.1, RSMo 2000.  Thereafter, she filed a motion for judgment of acquittal or in the alternative for a new trial.  The trial court denied the motion for judgment of acquittal and the motion for new trial on the tampering charge but granted the

motion for new trial on the first-degree murder and armed criminal action counts. It found that the guilty verdict on the first-degree murder charge was against the weight of the evidence establishing good cause under Rule 29.11.[1] Thereafter, the trial court sentenced Johnston to seven years imprisonment for the tampering conviction, and the State filed this appeal.

In Missouri, the right to appeal is purely statutory. *State v. Burns*, 994 S.W.2d 941 (Mo. banc 1999); *State v. Carter*, 78 S.W.3d 786, 787 (Mo. App. E.D. 2002). The State's right to appeal in a criminal case is provided in section 547.200, RSMo 2000. Subsection 1 enumerates four types of interlocutory orders from which the State may appeal. §547.200.1. Specifically, it provides:

> 1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:
> (1) Quashing an arrest warrant;
> (2) A determination by the court that the accused lacks the mental capacity or fitness to proceed to trial, pursuant to section 552.020;
> (3) Suppressing evidence; or
> (4) Suppressing a confession or admission.

§ 547.200.1

Subsection 2 provides that the State "shall be allowed an appeal…in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." §547.200.2. Section 547.200.5 directs the Supreme Court to issue appropriate rules to facilitate the disposition of appeals by the State. For appeals authorized by

---

[1] The parties agree that the trial court had authority to grant a new trial on the basis that the verdict was against the weight of the evidence. Rule 29.11 provides, "The court may grant a new trial upon good cause shown." Similarly, section 547.020(5), RSMo 2000, allows a trial court to grant a new trial in a criminal case "[w]hen the verdict is contrary to the law or evidence." In *State v. Young*, 24 S.W. 1038, 1047 (Mo. 1894), the Missouri Supreme Court discussed the power of the trial court to grant a new trial in a criminal case:

> The power conferred by law on trial courts to award new trials was not designed to be a mere formal authority, but was intended to guard against the mistakes, passions, prejudices, and ignorance of jurors. The judge has a higher and more responsible duty than to merely record the verdicts of juries. In the true conception of the law, he is to exercise an effective controlling judgment over their verdict. If a judge is satisfied that a verdict is against the weight of the evidence, it is his duty to set it aside and award a new trial; otherwise, the supposed power of the courts over verdicts is a mere mockery.

section 547.200.2, Rule 30.01(a) provides that parties may appeal in a criminal case only "[a]fter the rendition of a final judgment." *Burns*, 994 S.W.2d at 942; *Carter*, 78 S.W.3d at 787. A trial court's judgment is final for purposes of appeal if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication. *Burns*, 994 S.W.2d at 942. Most commonly, a judgment is final in a criminal case when sentence is entered. *Id.* "Additionally, in a criminal case, a judgment is final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge." *Id.*

A trial court's order granting a new trial in a criminal case is interlocutory and not final for purposes of appeal. *State v. Ring*, 86 S.W.3d 481, 484 (Mo. App. W.D. 2002); *Carter*, 78 S.W.3d at 787. "By granting a new trial, the trial court does not dispose of all disputed issues— quite the opposite. Everything is left for future determination." *Carter*, 78 S.W.3d at 788.

The State concedes that if the trial court's order in this case is an order granting a new trial, an appeal would not lie because the order is interlocutory and not one of the four enumerated orders in section 547.200.1 from which the State may appeal. It argues, however, that the trial court's order in this case was a *de facto* post-verdict judgment of acquittal and that it is final and appealable because it effectively precludes further prosecution of Johnston since subjecting her to a new trial would violate double jeopardy. It further argues that an appeal from a judgment of acquittal granted after the jury's guilty verdict is not barred by the double jeopardy clause of the U.S. Constitution because no additional fact-findings are necessary to reinstate the jury's verdict if the trial court's judgment is reversed.

The State is correct that double jeopardy precludes retrial of a defendant when a reversal on appeal is entered for lack of sufficient evidence to support the verdict, *Burks v. United States*,

3

437 U.S. 1, 18 (1978); *State v. Basham*, 568 S.W.2d 518, 521 (Mo. banc 1978). Similarly, double jeopardy bars retrial of a defendant when a motion for new trial is sustained because of insufficiency of evidence. *Hudson v. Louisiana*, 450 U.S. 40, 43 (1981). However, when a new trial is granted because the verdict is against the weight of the evidence, rather than the evidence was insufficient to support the verdict, double jeopardy does not bar a retrial. *Tibbs v. Florida*, 457 U.S. 31 (1982); *Hudson*, 450 U.S. at 44, n.5. *See also State ex rel. Amrine v. Roper*, 102 S.W.3d 541 (Mo. banc 2003)(where evidence in original trial was sufficient to convict defendant, double jeopardy did not bar retrial after Missouri Supreme Court granted habeas relief based on freestanding claim of actual innocence).

Furthermore, a trial court order granting a new trial because the verdict is against the weight of the evidence is not reviewable on appeal. *State v. Dowe*, 432 S.W.2d 272, 275 (Mo. 1968)("The weight of the evidence in a jury tried case is for the jury in the first instance and for the trial court on a motion for new trial."); *State v. Hodge*, 399 S.W.2d 65, 67 (Mo. 1966)(the weight of the evidence is not an open question in the appellate court).

In this case, the trial court clearly and unambiguously granted Johnston's motion for new trial on the first degree murder and armed criminal action counts because the verdict was against the weight of the evidence. The trial court expressly denied Johnston's motion for judgment of acquittal and granted her motion for new trial. It specifically stated that good cause was shown in that the jury's finding of guilt was against the weight of the evidence. The trial court made its own credibility determinations and assessed the evidence, which indicates a weight of the evidence rather than a sufficiency of the evidence analysis.[2] The trial court's order does not

---

[2] In ruling on a motion for judgment of acquittal, the trial court is required to view the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences. *State v. Richardson*, 22 S.W.3d 753, 757 (Mo. App. E.D. 2000). "With the evidence so viewed, the trial court must determine whether the evidence is

4

effectively preclude further prosecution of Johnston because double jeopardy does not bar a retrial in this case. Furthermore, the order is not reviewable on appeal. The trial court's order granting Johnston a new trial on the murder and armed criminal action counts is interlocutory and is not one of the types of orders enumerated in section 547.200.1. The State has no right to appeal the order. *Ring*, 86 S.W.3d at 483; *Carter*, 78 S.W.3d at 789.

The appeal is dismissed.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

sufficient to support the verdict." *Id.* The trial court must assume the truth of the evidence offered by the State. *Id.* It is not permitted to weigh the evidence. *Id.*