STATE of Missouri, Respondent,

v.

Ernest ROBINSON, Appellant.

No. 48253.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Thomas R. Motley, Public Defender, Hannibal, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction on charges of burglary in the second degree and stealing, for which defendant received sentences of fifteen years on each charge to be served concurrently. We modify, and affirm as modified.

Defendant challenges the sufficiency of the evidence in this circumstantial evidence case. See *State v. Robinson,* 670 S.W.2d 541, 542[2] (Mo.App.1984). At 8:00 p.m. on April 26, 1983, defendant was with Harry Plant when Plant rented a light green 1977 Dodge van from U-Auto-Rent near Florissant, Missouri. The next morning between 12:30 and 1:15 a.m. a light green van with out-of-state license plates driven by two black males, was observed proceeding through Center, Missouri, by the police chief of that town. It was noticed because no blacks live in Center. Between 9:00 p.m., April 26 and approximately 7:00 a.m. on April 27, a grocery store in Center was burglarized, and cigarettes and meats were stolen.

At about 4:30 on April 27, a witness saw two black males walk down a street in Clarksville, Missouri. One was later identified as Plant and the other walked with a limp similar or identical to defendant's. The witness then heard a sound like the crackling of wood, and a short time later saw at least one of the men pushing a grocery cart down the street. When a motorcycle headlight was turned on, the men fled, leaving the carts behind. In the carts were several cartons of cigarettes and two crowbars. A burglary in which cigarettes were stolen was later discovered

to have occurred at a grocery store in Clarksville, about one-half block from where the carts were found.

The witness described the men he saw to the police. They were arrested later that morning at about 9:45 a.m., walking on a country road about 2½ miles out of Clarksville. A light green van, with out-of-state license plates, was discovered a short time later about one half block from where the carts were discovered. By looking through the windows of the van, cigarettes and meats were seen, and later that morning were identified through a window of the van by the owner of the Center store as part of the goods stolen in the burglary of his store. A search, pursuant to a warrant, revealed the van contained cigarettes, meats and a rental agreement between U-Auto-Rent and Harry Plant. Analysis of the Center store doors and the crowbars revealed the bars physically fit indentations on the wood of the doors, paint chips on the bars were identical to the paint originally on the door, and paint chips on the door were identical to the paint originally on the bars.

█ Defendant raises five points on appeal, all of which are meritless and may be summarily answered. First, there was no error in admitting evidence of the Clarksville, Missouri burglary. Such evidence was relevant to the burglary in Center because it tended to establish the identity of the defendant, *State v. McDaniels*, 668 S.W.2d 230, 233–34 (Mo.App.1984), a common scheme or plan, *State v. Engleman*, 653 S.W.2d 198, 199 (Mo.1983), and because it was necessary to establish a complete, coherent picture of the burglary in Center for which defendant was on trial. *State v. Jones*, 652 S.W.2d 223, 225[4] (Mo.App. 1983).

█ The evidence, as related above, was sufficient to support the conviction. No improper or impermissible inferences need to be made in this case. *See e.g., State v. Sheets*, 641 S.W.2d 112, 114 (Mo.App.1982).

█ The trial court did not abuse its discretion in allowing jurors to serve who had previously stated they would wonder about why defendant would not testify, when no panel member expressed or indicated an inability or unwillingness to hear the evidence and follow the instructions given by the court. *State v. Johnson*, 670 S.W.2d 882, 886–87 (Mo.App.1984).

█ It was not plain error under Rule 30.20 to admit evidence defendant was with Plant when they were arrested. *State v. Tate*, 658 S.W.2d 940, 945–46 (Mo.App. 1983).

█ Finally, admission of the evidence acquired through a search of the van was proper. The van was owned by U-Auto-Rent, and leased to Plant. Defendant, having no property or possessory interest in the van, has no standing to challenge the seizure or the search. *State v. Rellihan*, 662 S.W.2d 535, 543[5] (Mo.App.1983); *State v. May*, 613 S.W.2d 877, 880[2] (Mo. App.1981).

The jury verdict was amply supported by the evidence. No error of law appears, and no jurisprudential purpose would be served by an extended opinion. However, the formal sentences and judgments are erroneous, because each refers to the convictions as pursuant to a plea of guilty. The trial court is directed to correct the formal sentences and judgments to conform to the sentences and judgments as reflected in the docket sheet entry of January 11, 1984. The sentences and judgments, as modified, are affirmed in accordance with Rule 30.25.

REINHARD, C.J., and CHANNING D. BLAEUER, Special Judge, concur.