STATE of Missouri, Respondent,

v.

Donald JOHNSON, Appellant.

Donald JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61436, 62952.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 24, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1993.

Application to Transfer Denied
Nov. 23, 1993.

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal. Defendant appeals from his conviction for possession of a controlled substance in violation of § 195.-202, RSMo, and the subsequent denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing. Affirmed.

■ Defendant raises three points on appeal. He first argues the trial court erred in denying his motion to suppress evidence because it was seized in violation of his Fourth Amendment rights. In reviewing a trial court's decision on a motion to suppress, we view the evidence and its reasonable inferences in the light most favorable to the decision. *State v. Becton*, 841 S.W.2d 315 (Mo.App.1992). In addition, we review the decision only to determine if it is supported by sufficient evidence. *State v. Riddle*, 843 S.W.2d 385 (Mo.App.1992).

On June 11, 1991, at approximately 11 a.m., Officers Dodson, Pleimann, and Ziphf were patrolling an area of the 3100 block of Sheridan in the City of St. Louis. They were investigating numerous complaints of illicit drug trafficking in that area, specifically at "Fats and Sons Market." Officer Dodson testified he also knew the market to be frequented by drug traffickers and drug users. Their patrol car was unmarked and all three officers were dressed in plain clothes. As they approached the market, they observed Defendant leaving the doorway. Officer Dodson testified he then observed Defendant stuffing money into his right front pocket. Defendant was not carrying any groceries. Defendant made eye contact with the officers, did a "double look," and then walked toward a car. At this time, the officers stopped their car and got out. The officers identified themselves and asked Defendant to stop. Defendant continued walking away from the officers to a car as if to enter it. Officer Pleimann again asked Defendant to stop. As Defendant reached the car, he turned toward the officers. As he was turning, he dropped a clear plastic bag with a white powder substance to the ground. Then, Officer Dodson retrieved the packet and Officer Pleimann arrested Defendant. The white powder substance was identified at trial as cocaine.

■ Where an officer has a reasonable and articulable suspicion a suspect is engaged in criminal activity, that officer may briefly detain the suspect to make reasonable inquiries. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884 [33, 34], 20 L.Ed.2d 889 (1968). Defendant contends his detention was improper because the officers in question did not have reasonable, articulable suspicion to stop him.

However, the Fourth Amendment protections and *Terry* will not become relevant until Defendant has been seized. In this case, we do not believe Defendant had been seized at the time he dropped the cocaine to the ground.

In *California v. Hodari*, 499 U.S. 621, 625, 111 S.Ct. 1547, 1550[1], 113 L.Ed.2d 690 (1991), the Supreme Court held a seizure occurs where police apply physical force to restrain a suspect, or where that is absent, a suspect submits to an officer's show of authority. In that case, as officers approached several youths huddled around a small parked car, they ran. One officer chased one suspect, who tossed away a small rock of crack just as the officer was almost upon him. The court held the Fourth Amendment protections had not been implicated when the suspect tossed the crack because he had not yet been seized, i.e., he had not yet submitted to the officer's show of authority.

This case at hand is similar to *State v. Qualls*, 810 S.W.2d 649 (Mo.App.1991), where a suspect discarded a bottle of heroin when officers approached him. The suspect had previously seen the officers, looked surprised, and turned around as if to re-enter a residence. This court, relying on *Hodari*, 499 U.S. at ——, 111 S.Ct. at 1547, held the

suspect had not yet been seized when he discarded the heroin, because he had not yet submitted to a show of authority. *Qualls,* 810 S.W.2d at 953[6]; *See also, State v. Shahid,* 813 S.W.2d 38, 40[4] (Mo.App.1991) (defendant who dropped cocaine while running from police was not "seized" before abandoning cocaine). The court further found the suspect had abandoned the bottle, and the subsequent seizure of the abandoned property did not violate the Fourth Amendment. *Qualls,* 810 S.W.2d at 652[2].

We find *Hodari* and *Qualls* controlling. Defendant had not yet been seized when he dropped the cocaine to the ground. While the officers had asked Defendant to stop, he had not yet yielded to their show of authority when he dropped the cocaine. Indeed, he was walking away from the officers. Point denied.

■ In Point II, Defendant argues the trial court erred in permitting "the prosecutor to appeal to the jury's fears of community endangerment during the State's rebuttal closing argument." The argument of which Defendant complains is as follows:

This cocaine we have, this cocaine is like cancer.

\*    \*    \*    \*    \*    \*

It's like cancer, it doesn't care about its victims, doesn't care about its neighborhood, doesn't care about its victim's friends, doesn't care about its neighborhood. The only thing it cares about is to keep spreading, keep growing.

And in this case, ladies and gentlemen, St. Louis has a critical case of cancer. Cancer, this cocaine problem.

\*    \*    \*    \*    \*    \*

It knows no racial boundaries. It knows no area boundaries. It doesn't know if you are rich or poor. It just knows it wants to grow.

If you had a friend who had some cancer and you had some medicine, you would help him out.

Here you have got the medicine. We're giving it to you. We're giving you police officers who arrest people for this. We're giving you fair proceedings and a prosecu-

tor who will present the case, and we're giving you the cocaine itself.

All we need now for the medicine for the cure is for jurors to convict people who possess cocaine.

Now consider St. Louis your friend, ladies and gentlemen, and like any other friend, you may like her some days, you may not like her other days.

Tell this man he broke the law. Tell this man he's guilty.

The prosecutor's argument was not improper. "[A] prosecutor may comment on the prevalence of crime in the community, the necessity of law enforcement to deter crime, and the evils that may befall society if a jury fails its duty." *Morrison v. State,* 779 S.W.2d 677, 683[9, 10] (Mo.App.1989); *See also, State v. Clemmons,* 753 S.W.2d 901, 909[16] (Mo. banc 1988). The argument was not improperly personalized, suggesting personal danger to the jury or animosity toward Defendant. *See, State v. Raspberry,* 452 S.W.2d 169, 172[2–6] (Mo.1970); *State v. Mallory,* 747 S.W.2d 209, 211[2, 3] (Mo.App. 1988). Indeed, it is similar to the argument upheld as proper in *State v. Hatcher,* 835 S.W.2d 340, 344[6] (Mo.App.1992). Point denied.

■ In Point III, Defendant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. He argues he was denied effective assistance of counsel because his trial counsel failed to locate and call key defense witnesses whose testimony could have exculpated him.

At trial, Defendant testified he did not drop the cocaine on the ground and the police discovered it in a search of the automobile. In his 29.15 motion, Defendant identified Mr. Sylvester Henderson, his father, and Tyron Hill, both of whom he alleged could corroborate his story. Defendant alleged a reasonably competent attorney under similar circumstances would have located the witnesses and called them to testify. The motion court denied Defendant's motion.

We do not find the motion court's denial without an evidentiary hearing to be clearly erroneous. Rule 29.15(j). The record clearly refutes Defendant's allegations of ineffec-

tive assistance of counsel and conclusively shows he is entitled to no relief. Rule 29.-15(g); *State v. Jennings,* 815 S.W.2d 434, 448–49[30] (Mo.App.1991). At trial, Defendant testified he had not seen Tyron Hill since the incident. When asked if Tyron lived near his mother, Defendant stated, "He might do. We don't know. We ain't looking for him. If he do stay there, we don't see him come and go." Defendant further stated, "Tyron is not to be found." The record further reveals the following conversation between the sentencing court and Defendant:

THE COURT: Now, do you remember how may witnesses that Mr. Cohen called for you or presented in your behalf?

THE DEFENDANT: Okay. What it was, it was the spur of the moment. He didn't have time to subpoena nobody because I though (sic) I could get everybody that was there at the crime to come, so when you said it was time to go to trial I didn't have but a couple of witnesses because if he did subpoena them, it wouldn't have been in time.

Point denied.

The judgment is affirmed.

CRANDALL, P.J., and REINHARD, J., concur.