**STATE of Missouri, Plaintiff/Appellant,**

v.

**Quinn M. TOOLEN,
Defendant/Respondent.**

No. 71855.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 20, 1997.

Charles S. Birmingham, Union, for plaintiff/appellant.

Robert F. Garza, Union, for defendant/respondent.

CRANE, Presiding Judge.

The state appeals from an order of the Circuit Court of Franklin County suppressing evidence seized in a warrantless search of a canvas bag in the trunk of a car pursuant to § 547.200.1(2) RSMo 1994 and Rule 30.02. The state argues that because the unoccupied car was rented to a third party and because defendant said the bag was not his, defendant had no expectation of privacy in the car or in the bag and therefore his Fourth Amendment rights were not violated by the search. Alternatively, the state argues that the search was conducted pursuant to a voluntary consent. We agree that defendant had no expectation of privacy in the car and bag searched and reverse on that ground. Accordingly, we do not reach the issue of the voluntariness of the consent.

The facts relating to the expectation of privacy issue are as follows. On September 29, 1995, at about 7:30 a.m., two Franklin County deputies and a state highway patrol officer responded to a report of a suspicious vehicle in the Wildwood subdivision. The report concerned an unfamiliar white vehicle with Illinois license plates which contained a "scruffy looking" white male who looked like he was sleeping. After locating the car and giving the location to the deputies, the highway patrol officer left. Deputies Robert Sharp and Ken Hotsenpiller found a vehicle matching the description parked in the private driveway of a mobile home. The vehicle, a white 1994 Buick Skylark with Illinois plates, was unoccupied when they arrived. The hood of the car was warm.

The deputies knocked on the doors of the mobile home. A woman answered and came to the front door. Hotsenpiller asked the woman who owned the car. She looked at the car and said that "he" was in the trailer. She went back in and defendant Quinn Toolen came outside. Hotsenpiller explained that the deputies were there on a suspicious vehicle report and asked him if the car was his. Defendant told them that the vehicle had been rented in Chicago for him by his friend Patrick Shelton who was in St. Louis. Hotsenpiller determined that the car had been rented from Hertz at the Chicago O'Hare Airport. Hotsenpiller asked for identification and defendant produced a Florida identification card. Hotsenpiller testified that he had training and experience in drug interdiction. Defendant's story seemed suspicious to Hotsenpiller because, in his training, it is commonly known that one person will rent a vehicle and use another person to drive the vehicle to transport illegal narcotics. He then conducted a record check of defendant and found that defendant had a drug conviction.

Hotsenpiller asked defendant if he could search the vehicle. Defendant hesitated and said that he did not think he had the right to allow a search because he had not rented the vehicle. After the deputies advised that they would have a police dog sniff the vehicle, defendant executed a "Permission to Search" form.

Hotsenpiller found a tan canvas bag with leather-like trim in the trunk of the car. He found a clear plastic Rubbermaid container with a blue lid in a side pocket of the bag. Inside the plastic container was a Ziplock bag which contained two more Ziplock bags which in turn contained ten individually wrapped bags of a brownish substance, which appeared to be a contraband substance. Hotsenpiller found another Rubbermaid plastic container in the tan bag which contained rubber bands and five bars of soap. He believed these items were used for packaging and masking the odor from drug detection dogs. Hotsenpiller asked defendant if the bag was his and defendant replied that it was not. Hotsenpiller continued to search the bag and found bond papers bearing defendant's name. At that point, Hotsenpillar arrested defendant for possession of a controlled substance.

Defendant was subsequently charged by information with the class C felony of possession of a controlled substance, methamphetamine, in violation of § 195.202 RSMo 1994. Defendant filed a motion to suppress evidence seized from the car on the grounds that the evidence was obtained by an unlawful search and seizure. After a hearing, the trial court sustained the motion to suppress.

The state may appeal from a trial court order or judgment suppressing evidence.

§ 547.200.1(2). On review, we consider the facts and the reasonable inferences arising therefrom in the light most favorable to the order. *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985); *State v. Bibb*, 922 S.W.2d 798, 802 (Mo.App.1996). We will affirm the finding if it is supported by substantial evidence. *Blair*, 691 S.W.2d at 260. We reverse only if the judgment is clearly erroneous. *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990); *Bibb*, 922 S.W.2d at 802. We do, however, consider the ruling in light of the proper application of the precepts of the Fourth Amendment. *Florida v. Royer*, 460 U.S. 491, 493, 103 S.Ct. 1319, 1321, 75 L.Ed.2d 229, 233 (1983).

The Fourth Amendment's prohibition against unreasonable searches and seizures is enforceable against the states through the due process clause of the Fourteenth Amendment. *State v. Burkhardt*, 795 S.W.2d 399, 404 (Mo. banc 1990). Assertions that evidence intended for use at trial is the product of an unlawful search and seizure should be raised by a motion to suppress under § 542.296 in order to determine as a matter of law whether items alleged to have been seized are inadmissible for that reason. *Burkhardt*, 795 S.W.2d at 404. "A person aggrieved by an unlawful seizure made by an officer and against whom there is a pending criminal proceeding growing out of the subject matter of the seizure may file a motion to suppress the use in evidence of the property." § 542.296.1 RSMo 1994.

Only defendants whose own Fourth Amendment rights have been violated are permitted to benefit from the exclusionary rule's protections. *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). The question of whether the challenged search or seizure violated the Fourth Amendment rights of the defendant who seeks to exclude evidence obtained during it is substantive and not merely a procedural standing issue. *Rakas*, 439 U.S. at 140, 99 S.Ct. at 429.

The burden is on the state to justify a warrantless search and to demonstrate that such falls within an exception to the warrant requirement. *Burkhardt*, 795 S.W.2d at 404. However, "[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas*, 439 U.S. at 130 n. 1, 99 S.Ct. at 424 n. 1. Missouri follows this rule. State v. McCrary, 621 S.W.2d 266, 273 (Mo. banc 1981). *See also Burkhardt*, 795 S.W.2d at 404.

A defendant who claims the protection of the Fourth Amendment must have a legitimate expectation of privacy in the place or thing to be searched. *Rakas*, 439 U.S. at 143, 99 S.Ct. at 425; *McCrary*, 621 S.W.2d at 273. To determine whether a criminal defendant has a legitimate expectation of privacy in the place or thing searched, the defendant must have an actual subjective expectation of privacy in the place or thing searched and this expectation must be reasonable or legitimate. *McCrary*, 621 S.W.2d at 273; *State v. Thompson*, 820 S.W.2d 591, 594 (Mo.App. 1991). The reasonableness or legitimacy of the expectation is measured by concepts of real or personal property law or to understandings that are recognized and permitted by society. *McCrary*, 621 S.W.2d at 272; *Thompson*, 820 S.W.2d at 594.

■ A prosecutor may simultaneously maintain that a defendant criminally possessed the seized good but did not have an expectation of privacy in the vehicle or its contents. *State v. Childress*, 828 S.W.2d 935, 940 (Mo.App.1992) (citing *United States v. Salvucci*, 448 U.S. 83, 90, 100 S.Ct. 2547, 2552, 65 L.Ed.2d 619 (1980); *United States v. Lochan*, 674 F.2d 960, 966 n. 7 (1st Cir. 1982)). Possession of a seized good is not a substitute for a factual finding that the possessor had a legitimate expectation of privacy in the area searched. *Salvucci*, 448 U.S. at 92, 100 S.Ct. at 2552–53; *State v. Nichols*, 628 S.W.2d 732, 735 (Mo.App.1982).

■ Defendant did not make any claim in his motion or at the hearing that he had either an actual, subjective expectation of privacy in the van or its contents, or that his expectation was legitimate. The car was owned by Hertz and had been rented to Patrick Shelton in Chicago. Shelton was not present at the time of the search. No one was in the car at the time of the discovery or

search of the vehicle. Defendant claimed the car was not his but had been rented "for him" by Shelton. There was no evidence that defendant was an authorized driver in the rental agreement.

■ A person does not have a legitimate expectation of privacy in a car where it is shown only that he is in possession of the car by being the driver of that car. *State v. Overstreet,* 694 S.W.2d 491, 494 (Mo.App. 1985). There is no evidence that defendant possessed the car with the consent of the owner, Hertz. *Id.; Childress,* 828 S.W.2d at 941; *State v. Damico,* 513 S.W.2d 351, 359 (Mo.1974). In *Childress,* the court relied on the following rationale:

> To mount a challenge to a search of a vehicle defendant[ ] must show, among other things, a legitimate basis for being in it, such as permission from the owner. [A defendant] who do[es] not have a legitimate basis for being in a car that is not registered in the name of any of the car's occupants cannot object to the search of the vehicle. *United States v. Ponce,* 947 F.2d 646, 649 (2nd Cir.1991) (citing authority).

*Childress,* 828 S.W.2d at 941. The court cited other federal cases for the rule that the movant must at least state that he gained possession from the owner or someone with the authority to grant possession. *Id.* In *State v. Robinson,* 684 S.W.2d 529 (Mo.App. 1984), we held that defendant could not challenge the search of a van rented to another in which he had been seen riding or driving.

In *United States v. Obregon,* 748 F.2d 1371 (10th Cir.1984), defendant was stopped at a training roadblock while driving a car which had been rented by another. Defendant consented to a search of the car during which police discovered cocaine in a sealed box inside a garment bag. In challenging the search defendant claimed a legitimate expectation of privacy in the car and its contents and that he therefore had standing under the Fourth Amendment to challenge the propriety of the search. The court of appeals found that *Rakas* and its own decisions supported the following finding of the district court:

Defendant had the keys to the car and may have had permission from the renter of the car to use it, but this is not determinative of the standing inquiry in this case. Defendant was driving a rented vehicle and was not named on the rental agreement or any other documents, either as the renter or as an authorized driver. Defendant made no showing that any arrangement had been made with the rental car company that would have allowed him to drive the car legitimately. Indeed, the defendant testified that he waited outside of Miami airport while an unrelated third party arranged the rental of the car. Defendant's relationship to the rented car is too attenuated to support a claim of standing.

*Obregon,* 748 F.2d at 1374. *See also United States v. Roper,* 918 F.2d 885, 887–88 (10th Cir.1990) and *United States v. Taddeo,* 724 F.Supp. 81, 83–85 (W.D.N.Y.1989), *aff'd,* 932 F.2d 956 (2nd Cir.1991), both of which apply *Obregon* to similar facts.

In this case defendant did not show that the owner, Hertz, in renting to Shelton had authorized defendant to be a second driver on the rental. Therefore, defendant did not meet his burden of showing that he possessed the car with the consent of the owner or someone with the authority to grant possession. As such, defendant is not a person who was aggrieved by the search and cannot claim the protections of the Fourth Amendment.

■ Likewise, we find that defendant did not show an expectation of privacy in the canvas bag containing the controlled substance. On appeal defendant claims he had an expectation of privacy in the bag because a paper bearing defendant's name was in the bag. However, defendant made no claim that he had either an actual, subjective expectation of privacy in the bag that was searched or that his expectation was legitimate in either his motion to suppress or at the hearing. At the hearing Hotsenpiller testified that defendant said that the bag was not his. A person's disclaimer of ownership in the property searched prevents that person from asserting an expectation of privacy therein. *State v. Pruett,* 425 S.W.2d 116, 120

(Mo.1968); *State v. Cantrell,* 310 S.W.2d 866, 870 (Mo.1958). *See also State v. Martin,* 892 S.W.2d 348, 352 (Mo.App.1995).

Defendant was not a party aggrieved by the search and did not show a legitimate expectation of privacy in the car or the bag. He did not meet his burden to show that the search violated his Fourth Amendment rights.

The judgment of the trial court is reversed and the case is remanded to the trial court.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.