STATE of Missouri, Respondent,

v.

Randy L. PRIMM, Appellant.

No. ED 78606.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 9, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 2001.

Application for Transfer Denied Jan. 22, 2002.

Ellen H. Flottman, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Attorney General, Jefferson City, MO, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The defendant was convicted and sentenced on one count of possession of a controlled substance, in violation of § 195.202 RSMo, and one count of possession of drug paraphernalia with intent to use, in violation of § 195.233, RSMo. In his single point on appeal, he argues that the trial court should have sustained his motion to suppress the incriminating evidence, alleging that he was unlawfully seized in violation of the Fourth Amendment and the essentially similar provision of the Missouri Constitution, Art. I, § 15 and that the incriminating evidence was the "fruit of the poisoned tree." We affirm.

The essential facts supporting the judgment are simply stated. A police officer received word of a break-in and theft from a vehicle several blocks away. He approached the defendant, who was known to him, and asked, "what's going on?" and then, "would you mind speaking with me?" The defendant said that he did not mind. The officer then asked if he could search the defendant and received the reply "go ahead." The record does not show, at this point, that the officer had any reasonable belief that the defendant was guilty of criminal activity.

As the officer was patting down the defendant's right leg, the defendant reached in his pocket and pulled out an easily identifiable cigarette case, which he was holding in his hand. The officer asked

the defendant if he could look inside the case, at which point the defendant fled, still holding the case. The officer pursued him, tackled him and, when he twice tried to get up, sprayed him with pepper spray. The officer called for backup and two other officers arrived. The defendant was placed in handcuffs, picked up off the ground, and searched. The cigarette case was not found.

One of the other officers located the cigarette case in the yard next door to the scene of the arrest, about ten feet from the point at which the defendant had been tackled. The court below could have found that the defendant jettisoned the case during his flight. The cigarette case was found to contain a "rock" of crack cocaine, a pipe with burnt residue commonly used to smoke crack cocaine, and several ordinary cigarettes.

■■■ The defendant mistakenly characterizes the initial encounter as a "Terry stop." Under the doctrine of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer may "stop and frisk" a person he has reason to question, whether or not he has probable cause for arrest, as a means for his own protection. In the *Terry* situation, the pat-down search is involuntary. Here the trial judge could have found that both the questioning and the search were agreed to by the defendant.

The defendant next argues that the officer acted illegally in pursuing and tackling the suspect, asserting that the pursuit and subduing refuted the officer's assertion that the defendant was at all times "free to go." The state asserts that the defendant's act in running away justified the officer in pursuing and subduing him, even though he had no probable cause for arrest. We do not need to, and do not, endorse the state's suggestion, because controlling authorities justified the officers in retrieving and opening the cigarette case.

■■■ The defendant argues that the defendant was illegally arrested and that the evidence found in the cigarette case was "fruit of the poisoned tree." At the time he was arrested, however, he had already discarded the cigarette case. A holding almost directly in point and based on indistinguishable facts is *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The Court there rejected a defendant's claim that he was "seized" as soon as the officer began chasing him, holding that there was no seizure until the person being pursued was caught and detained. *Id.* at 629, 111 S.Ct. 1547. The Court went on to hold that a "rock" which defendant tossed away before he was caught was abandoned property which could be received in evidence. *Id.*

■■■ Missouri authorities consistently hold that the Fourth Amendment gives no protection as to abandoned property. *State v. Qualls*, 810 S.W.2d 649 (Mo.App. 1991). *State v. Damask*, 936 S.W.2d 565, 570 (Mo.banc 1996) holds that "any analysis of search and seizure questions under the Fourth Amendment is identical to search and seizure questions under Missouri law." *Hodari D.*, therefore, controls the case before us.

■■■ The Fourth Amendment and Art. I, § 15, in protecting against "unreasonable searches and seizures," do not give the courts general supervision over police practices and conduct. Evidence is excludable under those provisions only if it has been obtained through an unreasonable search or seizure. When property is abandoned, the constitutional protections against unreasonable search and seizure no longer apply, because those protections are designed to protect one's person and dwelling.

The officer's conduct after the cigarette case was abandoned is not an issue we are called upon to resolve. The defendant may seek civil remedies if he is so minded. Whether he is entitled to relief is a question not before us, and on which we express no opinion.

The judgment is affirmed.

JAMES R. DOWD, C.J. and PAUL J. SIMON, J.