STATE of Missouri, Appellant,

v.

Cordell L. MOSBY, Respondent.

No. WD 61592.

Missouri Court of Appeals,
Western District.

Jan. 21, 2003.

Paul T. Sullivan, Kansas City, MO, for appellant.

Michael J. Gunter, Kansas City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, HAROLD L. LOWENSTEIN, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Chief Judge.

On January 31, 2002, the Jackson County Prosecuting Attorney charged Respondent Cordell Mosby with one count of possession of a controlled substance, § 195.202,[1] and one count of the unlawful use of a weapon, § 571.030.1. On May 13, 2002, Mosby filed a motion to suppress all of the evidence that had been seized on the night of his arrest. Subsequently, the trial court conducted a hearing on Mosby's motion to suppress, and thereafter, on June 13, 2002, entered an order sustaining Mos-

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

by's motion and suppressing the evidence. The State of Missouri now prosecutes this appeal of that order.[2]

In its order granting the motion to suppress, the trial court set forth its factual findings and legal reasoning. The order states, in relevant part:

On September 2, 2001, Officer C. Barbosa of the Kansas City Missouri Police Department was on patrol in the area of Armour Boulevard and Locust Street in Kansas City, Missouri. Officer Barbosa first observed the defendant while the defendant was sitting on the steps in front of a dwelling at 500 E. Armour. Officer Barbosa testified that there was a no trespassing sign posted on the dwelling. The steps on which the defendant was sitting were near the public sidewalk abutting the public street. The area in which the defendant was sitting was not near the posted area.

Officer Barbosa exited his police vehicle and approached the defendant who then attempted to walk away. The officer observed the defendant drop a beige rock-like substance on the ground between two cars. The defendant was thereafter placed under arrest for trespassing. The beige rock-like substance was recovered. It was later field tested with positive results for cocaine. The officer recovered a .38 caliber loaded handgun from the area where the defendant had been seated. During the post-arrest search, two .38 caliber rounds were found on the defendant's person. He was later charged with the two pending offenses.

A search conducted without a warrant is presumed to be unreasonable and thus violative of the Fourth Amendment. The burden of demonstrating that the search was justified rests with the State.

*State v. Deck,* 994 S.W.2d 527 (Mo.1999); *State v. Davis,* 13 S.W.3d 657 (Mo.App. E.D.2000). The Fourth Amendment is not violated when a law officer stops a person if the officer has reasonable suspicion based on specific and articulable facts that the person was or is involved in criminal activity. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Such a stop must be justified from the start. In this case, the Court finds that the officer had no specific articulable reason to stop the defendant. The arrest for trespassing was pretextual. Since there was no justification to suspect that a person sitting on the steps is involved in a criminal activity, there is no justification for the search. Accordingly, the fruit of the search must be suppressed.

Upon the evidence the Court finds that the search of the defendant was unreasonable and violative of the rights secured to the defendant under the Fourth Amendment of the Constitution of the United States. The Court finds that the evidence seized was fruit of an unreasonable and illegal search. The defendant's motion to suppress is hereby SUSTAINED. The Court hereby orders suppression of the evidence as to the cocaine and the handgun seized.

On appeal, the State claims that the trial court clearly erred in suppressing the cocaine and the handgun because Mosby did not have standing to challenge the seizure of those items after he abandoned them. In addition, the State argues that the seizure of those two items were not the result of an unconstitutional seizure of Mosby.

Our review of a trial court's ruling on a motion to suppress evidence is limited to determining whether the decision is supported by substantial evidence, and we will

---

**2.** The State brings this appeal pursuant to     § 547.200.1(3), RSMo 2000.

not reverse the trial court's ruling unless it is clearly erroneous. *State v. Hoyt*, 75 S.W.3d 879, 882 (Mo.App. W.D.2002). The trial court's ruling will be found to be clearly erroneous only "if we are left with a definite and firm belief that a mistake has been made." *State v. Watkins*, 73 S.W.3d 881, 883 (Mo.App. E.D.2002). In reviewing the trial court's decision, we view the evidence presented and all reasonable inferences drawn therefrom in the light most favorable to the trial court's order and disregard all evidence and inferences to the contrary. *Hoyt*, 75 S.W.3d at 882.

"We do, however, consider the ruling in the light of the proper application of the precepts of the Fourth Amendment." *State v. Toolen*, 945 S.W.2d 629, 631 (Mo. App. E.D.1997) (citing *Florida v. Royer*, 460 U.S. 491, 493, 103 S.Ct. 1319, 1321, 75 L.Ed.2d 229, 233 (1983)). "While this court gives deference to the trial court's factual findings and credibility determinations, ... [w]hether the Fourth Amendment has been violated is a legal question which this court reviews *de novo*." *Hoyt*, 75 S.W.3d at 882.

"The Fourth Amendment of the United States Constitution preserves the right of the people to be secure against unreasonable searches and seizures." *State v. Deck*, 994 S.W.2d 527, 534 (Mo. banc 1999). "Missouri's constitutional 'search and seizure' guarantee, article I, section 15, is coextensive with the Fourth Amendment." *Id.*

■ "The Fourth Amendment's prohibition against unreasonable searches and seizures is enforceable against the states through the due process clause of the Fourteenth Amendment." *Toolen*, 945 S.W.2d at 631. "Assertions that evidence intended for use at trial is the product of an unlawful search and seizure should be

raised by a motion to suppress under § 542.296 in order to determine as a matter of law whether items alleged to have been seized are inadmissible for that reason." *Id.* " 'A person aggrieved by an unlawful seizure made by an officer and against whom there is a pending criminal proceeding growing out of the subject matter of the seizure may file a motion to suppress the use in evidence of the property.' " *Id.* (quoting § *542.296.1*, RSMo 1994). "When a defendant moves to suppress evidence, the State has the burden to show by a preponderance of the evidence that the motion should be overruled." *State v. Immekus*, 28 S.W.3d 421, 429 (Mo.App. S.D.2000).

■ We first address the State's claim that Mosby lacked standing to challenge the seizure of the cocaine and the handgun because he did not have any legitimate expectation of privacy with regard to those items. "[I]n order for the defendant's Fourth Amendment rights to be violated or for the defendant to have standing to assert a violation of the rights guaranteed by Art. I, sec. 15 of the Missouri Constitution, defendant must have a legitimate expectation of privacy in the place or thing searched." *State v. Stillman*, 938 S.W.2d 287, 291 (Mo.App. W.D. 1997) (citing *State v. McCrary*, 621 S.W.2d 266, 273 (Mo. banc 1981)). "To determine whether a criminal defendant has a legitimate expectation of privacy in the place or thing searched, the defendant must have an actual subjective expectation of privacy in the place or thing searched and this expectation must be reasonable or legitimate." *Toolen*, 945 S.W.2d at 631. "The proponent of the motion to suppress has the burden of establishing that his constitutional rights were violated by the search and seizure." *Stillman*, 938 S.W.2d at

291.[3] Accordingly, the "Defendant bears the burden of demonstrating that he had a 'reasonable expectation of privacy' in the property searched." *State v. Sweet,* 796 S.W.2d 607, 611 (Mo. banc 1990).

None of Mosby's pleadings or arguments before the trial court or on appeal assert that he had a legitimate expectation of privacy in either the clear plastic bag containing cocaine found in the street or the white plastic bag containing the handgun found in the stairwell. Furthermore, the trial court made no specific finding that Mosby had such an expectation of privacy in those items. "Possession of a seized good is not a substitute for a factual finding that the possessor had a legitimate expectation of privacy in the area searched." *Toolen,* 945 S.W.2d at 631 (citing *United States v. Salvucci,* 448 U.S. 83, 92, 100 S.Ct. 2547, 2552–53, 65 L.Ed.2d 619 (1980)).

Even if we assume that the trial court implicitly found that Mosby had a legitimate expectation of privacy in the two plastic bags and their contents, any such finding is not supported by the trial court's factual findings and is clearly erroneous and incorrect as a matter of law.

"The Fourth Amendment and Art. I, § 15, in protecting against 'unreasonable searches and seizures,' do not give the courts general supervision over police practices and conduct." *State v. Primm,* 62 S.W.3d 463, 465 (Mo.App. E.D.2001). "Evidence is excludable under those provisions only if it has been obtained through an unreasonable search or seizure." *Id.* In order to have standing to complain of the search or seizure of property, a defendant must have a reasonable expectation of privacy related to that property *at the time of the allegedly improper search or seizure. Immekus,* 28 S.W.3d at 429 (emphasis added).

Mosby has never asserted that he had any legitimate expectation of privacy in the public street where the clear plastic bag was located or in the stairwell where the white plastic bag was located, nor would the record support any finding that he had an expectation of privacy in either place. Indeed, "there is no reasonable expectation of privacy subject to Fourth Amendment protection where the public at large is welcome." *State v. Kriley,* 976 S.W.2d 16, 22 (Mo.App. W.D.1998). Instead, Mosby has maintained both before the trial court and on appeal that his "seizure" was unreasonable and illegal and that the cocaine and handgun should be suppressed as fruits of that improper seizure of his person.

Since Fourth Amendment protections do not become relevant until the defendant has been "seized," *State v. Johnson,* 863 S.W.2d 361, 362 (Mo.App. E.D.1993), we must therefore determine when Appellant was seized, and whether he had a reasonable and legitimate privacy interest in the cocaine and/or the handgun at that time.

"Not all personal intercourse between policemen and citizens constitutes a 'seizure' for Fourth Amendment purposes." *State v. Neel,* 81 S.W.3d 86, 95 (Mo.App. W.D.2002). "A person is not 'seized' until either being subjected to the application of physical force by the police or by voluntarily submitting to the assertion of police authority." *Deck,* 994 S.W.2d at 535 (citing *California v. Hodari*

---

**3.** " 'A person who is aggrieved by an illegal search and seizure only through the introduction of physical evidence secured by a search of a third person's premises or property has not had any Fourth Amendment rights infringed.' " *State v. Stillman,* 938 S.W.2d 287, 291 (Mo.App. W.D.1997).

*D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)).

The trial court made no specific finding regarding when Mosby was actually seized. The trial court did specifically find that, prior to arresting Mosby, Officer Barbosa had seen Mosby sitting in the stairwell, gotten out of his police car, approached Mosby, observed Mosby start walking away, and seen Mosby drop the beige rock-like substance on the ground between two cars. None of these actions occurring prior to Mosby's arrest could be deemed to constitute a seizure of Mosby as they do not reflect that Officer Barbosa subjected Mosby to any application of physical force or that Mosby voluntarily submitted to any assertion of police authority.

■■■ "Law enforcement officers do not violate the Fourth Amendment or 'seize' an individual by merely approaching him or her on the street or some other place and asking questions." *Neel,* 81 S.W.3d at 95 (citing *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)). "Consequently, even when law enforcement officers have no basis for suspecting a particular individual, they may ask to see the person's identification and request consent to search, so long as they do not convey that compliance with those requests is required." *Id.* The trial court's findings do not reflect that Officer Barbosa exceeded, or even approached, this level of permissible conduct prior to stopping Mosby and arresting him. Moreover, nothing in the record of the suppres-

sion hearing could support a finding that the officer exceeded these bounds. Accordingly, based on the trial court's findings and the evidence contained in the record, Mosby cannot be deemed to have been "seized" prior to the point where Officer Barbosa stopped him, placed him in handcuffs, and arrested him.[4] *See Deck,* 994 S.W.2d at 535; *Hodari D.,* 499 U.S. at 626, 111 S.Ct. at 1551.

We next turn to whether the record could support a finding that Mosby had a legitimate and reasonable expectation of privacy related to the two bags and their contents at the time he was seized.

■■■ With regard to the clear plastic bag containing the cocaine, the trial court's findings reflect that Officer Barbosa saw Mosby drop that bag on the ground between two cars while Mosby was attempting to walk away from the officer. The findings reflect that this occurred prior to any "seizure" of Mosby.

■■■ It is well established that a warrantless search or seizure of abandoned property does not violate the Fourth Amendment. *State v. Qualls,* 810 S.W.2d 649, 652 (Mo.App. E.D.1991) (citing *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924); *Abel v. United States,* 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960)). "When property is abandoned, the constitutional protections against unreasonable search and seizure no longer apply, because those protections are designed to protect one's person and dwelling."[5] *Primm,* 62

---

4. Mosby has conceded as much both before the trial court and on appeal. His position both before the trial court and on appeal is that Officer Barbosa did not have probable cause to arrest him at the time he handcuffed him for trespassing and that the cocaine and handgun should be suppressed as fruits of this "illegal arrest."

5. " 'The test for abandonment in the search and seizure context is distinct from the property law notion of abandonment; it is possible for a person to retain a property interest in an item, but nonetheless to relinquish his or her reasonable expectation of privacy in the object.' " *State v. Qualls,* 810 S.W.2d 649, 652 (Mo.App. E.D.1991) (quoting *United States v.*

S.W.3d at 465. Therefore, "[a] person has no standing to complain of the search or seizure of property that he has voluntarily discarded, left behind, or otherwise relinquished his interest so that he no longer retains a reasonable expectation of privacy with regard to it at the time of the search or seizure." *Immekus,* 28 S.W.3d at 429.

■■■ Where, as here, an individual drops, throws, or otherwise discards contraband while being followed or pursued by a police officer, the contraband is deemed to have been abandoned, and Fourth Amendment protections no longer apply. *See Hodari D.,* 499 U.S. at 623, 111 S.Ct. at 1549; *Johnson,* 863 S.W.2d at 362; *State v. Shahid,* 813 S.W.2d 38, 39 (Mo. App. E.D.1991); *Primm,* 62 S.W.3d at 465.

The facts of this case are virtually indistinguishable from *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). In that case, when police officers approached several youths huddled around a small, parked car, the youths ran away. *Id.* at 622–23, 111 S.Ct. at 1549. One of the officers ran after the defendant. *Id.* Just before the officer managed to overtake and tackle the defendant, the defendant tossed away a small rock of crack cocaine. *Id.* The United States Supreme Court held that the defendant had not been seized until the officer tackled him and that, because the defendant abandoned the cocaine prior to being seized, it could not be deemed to have been the fruit of the seizure. *Id.* at 629, 111 S.Ct. at 1552.

In *State v. Johnson,* 863 S.W.2d 361, 362 (Mo.App. E.D.1993), the defendant, who had just exited a grocery store known for drug activity, saw three police officers in a car, did a "double look," and started to walk away from them. After the officers got out of their car, identified themselves and asked the defendant to stop, the de-

fendant continued to walk away from the officers toward a parked car. *Id.* When he reached the car, as the defendant began to turn to face the officers, he dropped a clear plastic bag containing a white powder substance, later identified as cocaine, on the ground. *Id.* One officer then arrested the defendant, and another officer retrieved the clear plastic bag. *Id.* The *Johnson* court held that because the defendant had not been seized at the time he dropped the bag of cocaine on the ground, neither the Fourth Amendment nor *Terry* was relevant to the case. *Id.* Therefore, the court held that the seizure of the abandoned bag of cocaine did not violate the Fourth Amendment. *Id.* at 363.

In *State v. Shahid,* 813 S.W.2d 38, 39 (Mo.App. E.D.1991), two police officers were patrolling an area known for illegal drug activity. As their police car approached the defendant, he ran away. *Id.* The officers pursued the defendant, cornered him, and told him to raise his hands. *Id.* Prior to raising his hands, the defendant threw a packet containing cocaine to the ground. *Id.* The officers retrieved the cocaine and arrested the defendant. *Id.* While noting that the officers had sufficient reasonable suspicion to warrant an investigatory stop based solely on the fact that defendant had been in a high-crime area and run away when he saw the police, the court in *Shahid* held that the defendant had not been seized at the time he threw the packet of cocaine to the ground and that the abandoned packet of cocaine was, therefore, not the fruit of any seizure. *Id.* at 40.

■■■■■ In similar fashion to all of these cases, Mosby abandoned any privacy interest he had in the clear plastic bag when he dropped it on the street between the parked cars as he was attempting to

*Thomas,* 864 F.2d 843, 845–46 (D.C.Cir. 1989)).

walk away from the officer. *See Immekus,* 28 S.W.3d at 429 (quoting *State v. Lingar,* 726 S.W.2d 728, 736 (Mo. banc 1987)) (" Where an item is discarded in connection with flight from the law, protection against governmental intrusion upon that item is neither a 'reasonable' nor a 'legitimate' 'expectation.' "). Accordingly, even if Mosby's detention and arrest were improper, Mosby had no legitimate privacy interest in the clear plastic bag or its contents at the time he was seized. Officer Barbosa's discovery and seizure of those items did not derive from his detention and arrest of Mosby and, therefore, cannot be deemed to be "fruit of the poisonous tree."[6] *See Hodari D.,* 499 U.S. at 624–25, 111 S.Ct. at 1549–50; *Johnson,* 863 S.W.2d at 362; *Shahid,* 813 S.W.2d at 39; *Primm,* 62 S.W.3d at 465.[7]

The trial court's finding that Officer Barbosa recovered a handgun from the area where Mosby had been seated likewise does not sufficiently support a finding that the recovery of that evidence was the fruit of Mosby's seizure. To the extent that Mosby ever had any privacy interest in the handgun or the white plastic bag in which it was found, a fact which Mosby had never pleaded nor shown, Mosby abandoned the handgun when he left it sitting in the stairwell and walked away when approached by Officer Barbosa, and its recovery and seizure did not derive from Mosby's detention and arrest.

Thus, even if Mosby was subjected to an unreasonable seizure, the trial court clearly erred in suppressing evidence related to the cocaine and handgun as the "fruit of the poisonous tree."[8] The trial court's

6. Moreover, the findings of the trial court establish that Officer Barbosa was entitled to seize the clear plastic bag containing the beige, rock-like substance under the plain view doctrine. The plain view doctrine allows seizure of evidence without a search warrant when: "(1) the evidence is observed in plain view while the officer is in a place where he has a right to be; (2) the discovery of the evidence is inadvertent; and (3) it is apparent to the police that they have evidence before them." *State v. David,* 13 S.W.3d 308, 313 (Mo.App. W.D.2000); *See also State v. Rowland,* 73 S.W.3d 818, 824 (Mo.App. S.D. 2002). According to the trial court's findings, prior to handcuffing Mosby, while in a public area, Officer Barbosa saw Mosby drop the clear plastic bag containing a beige, rock-like substance. These findings establish that Officer Barbosa observed the clear, plastic bag and its contents prior to stopping and handcuffing Mosby, while in a place where he had the right to be, and that the discovery of this evidence was inadvertent. Furthermore, the trial court's findings that the beige, rock-like substance was recovered and field-tested by the police establish that it was apparent to the police that the clear plastic bag contained evidence. Thus, the trial court's findings also establish that the cocaine should not have been suppressed under the plain view doctrine.

7. *See also State v. Miller,* 894 S.W.2d 649, 654 (Mo. banc 1995) (" [I]n determining whether the exclusionary rule should apply to render evidence inadmissible as 'fruit of the poisonous tree,' the question is 'whether, granting establishment of the primary illegality, the evidence to which ... objection is made has been come at by exploitation of the illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' ") (quoting *State v. Lingar,* 726 S.W.2d 728 (Mo. banc 1987) (quoting *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963))). Even if Officer Barbosa had not stopped and handcuffed Mosby, he would have recovered both the clear plastic bag and the white plastic bag, and, therefore, the seizure of those items cannot be deemed to be the fruit of the seizure of Mosby's person or the search incident to that arrest.

8. Because we conclude that Mosby abandoned the cocaine and handgun prior to his seizure and, therefore, had no expectation of privacy in those items, we need not address the State's further argument that the trial court clearly erred in finding that Mosby's seizure was improper.

order suppressing the evidence related to the cocaine and the handgun is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.