STATE of Missouri, Plaintiff–
Appellant,

v.

Daniel M. WARREN, Defendant–
Respondent.

No. 24713.

Missouri Court of Appeals,
Southern District,
Division Two.

July 3, 2002.

·W. James Icenogle, Prosecuting Attorney, Brian Keedy, Assistant Prosecuting Attorney, Camden County, Camdenton, MO, for Appellant.

W. Gary Drover, Camdenton, MO, for Respondent.

JAMES K. PREWITT, Judge.

Pursuant to a stop on May 26, 2001 by the Missouri State Water Patrol on the Lake of the Ozarks in Camden County, Daniel M. Warren ("Defendant") was charged with the class B misdemeanor of operating a vessel while intoxicated, in violation of § 306.111, RSMo 2000. Defendant filed a motion to suppress the State's evidence of his intoxication, contending that the stop was illegal and a violation of his Fourth Amendment rights. Following a hearing on the motion to suppress, in which the issue was limited to whether the initial stop was legal and based on reasonable suspicion that Defendant had violated the law, the trial court granted Defendant's motion. The State files this interlocutory appeal, pursuant to § 547.200.1(3), RSMo 2000.

In its one point relied on, the State asserts that the trial court erred in sustaining Defendant's motion to suppress evidence because Defendant's use and display of docking lights was a violation of § 306.100, RSMo 2000, since the lights were other than the navigation lights allowed by the statute while a vessel is under way. Therefore, according to the State, the Missouri Water Patrol Officer had reasonable suspicion to stop Defendant, making the initial stop legal and not in violation of Defendant's Fourth Amendment rights.

At the evidentiary hearing on Defendant's motion, Corporal Nicholas Humphrey ("Humphrey") of the Missouri State Water Patrol testified that he initially stopped Defendant's vessel because it was being operated with its docking lights displayed, which Humphrey believed to be a violation of § 306.100.2. Based on his training, Humphrey testified that the alleged violation is termed "displaying lights other than prescribed." Under § 306.100.2, a vessel under way from sunset to sunrise is to exhibit navigation lights including a white light aft, green light starboard, and red light port. "[D]uring such time no other lights which may be mistaken for those prescribed shall be exhibited." § 306.100.2.

Humphrey testified that his intention in stopping the boat was to ask the operator to turn off the docking lights and "display only the lights that are prescribed to be displayed." As Humphrey approached the vessel, he noticed that Defendant, who was operating the boat, switched places with someone else in the boat. Humphrey testified that he subsequently conducted field sobriety tests on Defendant and arrested him for boating while intoxicated, in violation of § 306.111.2, RSMo 2000. Humphrey also ticketed Defendant for failure to display the correct lights under § 306.100.

According to Humphrey, Defendant's vessel did have the navigation lights prescribed by § 306.100.2. When he saw the boat, Humphrey testified that he immediately knew that the vessel was being operated with its docking lights in the on position. He testified that although the docking lights did not cause confusion to him, he did not stop the vessel because of any confusion on his part about the lights, but because he felt that the use of the docking lights "potentially could cause confusion to other boaters." Defendant testified that the docking lights had a yellowish hue (in order to cut through any fog), cast a weak beam, and were two to three inches in diameter.

In granting Defendant's motion to suppress, the trial court stated that it accepted Defendant's argument in the case. According to the trial judge, Humphrey "indicated that he had no trouble identifying or seeing the red, the green, and the white lights. The way I read the statute, it doesn't keep you from having other

lights; it's just if you have other lights, they cannot be in such a way that they would be confused.... It seems like to me that this might be an excuse to go trying to find someone guilty of something else and use that as a pretext for boarding the boat and investigating it."

 In our review of a trial court's order to suppress evidence, we consider the facts and any reasonable inferences arising therefrom favorably to the order challenged on appeal. *State v. Jenkins,* 946 S.W.2d 12, 13 (Mo.App.1997). Any contrary evidence is disregarded and we will affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain its findings. *Id.* We will reverse the trial court's judgment only if it is clearly erroneous. *State v. Bibb,* 922 S.W.2d 798, 802 (Mo.App.1996). Our review affords the trial court deference with respect to weighing the credibility of the witnesses. *State v. Milliorn,* 794 S.W.2d 181, 183–84 (Mo.banc 1990). If the trial court's ruling is plausible in light of the record viewed in its entirety, we may not reverse it even if this court, sitting as the trier of fact, would have weighed the evidence differently. *Id.* at 184.

Section 306.100.2 only proscribes the use of "lights which may be mistaken for those prescribed." In addition to Defendant's testimony that the docking lights were not at a place on the vessel or had a strong enough beam that would cause other boaters to mistake them for the prescribed navigation lights, Humphrey also testified that he was not confused by the docking lights and that the lights did not preclude him from seeing the navigation lights prescribed by § 306.100.2. It is the State's burden to show, by a preponderance of the evidence, that a motion to suppress should be overruled. *State v. Perrone,* 872 S.W.2d 519, 521 (Mo.App. 1994). The State has not met its burden.

There was sufficient evidence to sustain the trial court's finding that the stop was pretextual and without reasonable suspicion because Defendant was not operating his vessel in violation of the law.

The judgment is affirmed.

GARRISON, P.J., and PARRISH, J., concur.